Mary Meyer, Appellant, v. Pittsburg, Allegheny & Manchester Traction Company.

*Negligence—Street railways—Contributory negligence—Nonsuit.*

In an action against a street railway company to recover damages for the death of plaintiff's husband, a nonsuit is properly entered where it appears from the testimony given on behalf of plaintiff that the deceased, being at the side of a street, not at a crossing, and seeing two cars approaching each other from opposite directions on the two tracks of the road, undertook to cross both tracks at a point between the cars, and was struck and killed by one of the cars.

Argued Nov. 7, 1898. Appeal, No. 136, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1897, No 360, refusing to take off nonsuit. Before GREEN, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before McClung, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*L. K. Porter*, with him *S. G. Porter*, for appellant, cited Gilmore v. Pass. Ry. Co., 153 Pa. 31; Davidson v. Traction Co., 4 Pa. Superior Ct. 86.

*A. M. Neeper*, for appellee, was not heard, but in his printed brief cited Carson v. Federal Street, etc., Ry. Co., 147 Pa. 219; Ehrisman v. East Harrisburg City Pass. Ry., 150 Pa. 180; Omslaer v. Traction Co., 168 Pa. 519; Nugent v. Traction Co., 181 Pa. 160; Blaney v. Traction Co., 184 Pa. 524.

PER CURIAM, January 3, 1899:

The undisputed testimony given on behalf of the plaintiff proved that the plaintiff's husband, being at the side of the street, not at a crossing, and seeing two cars approaching each other from opposite directions on the two tracks of the road, undertook to cross both tracks at a point between the cars. He was not successful in his attempt but was struck and killed by one of the cars. There is no possible reason why the defendant should be held liable to pay damages for such manifest and really wanton negligence, and the learned court below very properly directed a nonsuit. In this there was no error.

Judgment affirmed.