## McCracken *v.* Consolidated Traction Company, Appellant (No. 1).

*Negligence—Contributory negligence—Province of court and jury.*

In a negligence case (the defendant's negligence being proved) if there be any doubt upon the question of the contributory negligence of the plaintiff, either from inference or positive evidence, the case is for the jury.

*Negligence—Street railways—Dominant right to track.*

The dominant right to the use of the tracks of a street railway company is in the company; and that right must be conceded and deferred to by all of the public who have a right to cross the tracks; when about to cross they must use ordinary prudence to ascertain whether the owner of the track is about to use it.

*Negligence—Street railways—Bicyclers.*

A bicycler is not exempt from observing the caution imposed upon all others of the public about to cross the tracks of a street railway company.

*Negligence—Street railways—" Look and listen."*

It is the duty of one about to cross a street railway to look as he approaches the track, and if there is any obstruction to listen, and his neglect to do so is negligence per se. This is an unbending rule to be observed at all times and under all circumstances. No question arises as in the case of steam railroads as to the proper place to stop, look and listen. If a citizen looks just before he crosses he avoids all danger of accidents.

*Negligence—Street railways—Place to look.*

The traveler on the highway about to cross the tracks of a street railway is bound to look just as he approaches the first rail of the tracks.

*Negligence—Street railways— Unlawful speed of car — Contributory negligence.*

A person who is struck by the car of a street railway company in crossing its tracks cannot relieve himself of the charge of contributory negligence by proving the unlawful speed of the car, where the car was within his view just before he reached the track if he looked. If he looked he saw that it was approaching at a high rate of speed and could not rely upon the presumption that its speed was lawful and take the chance of crossing ahead of it. If he looked he was guilty of contributory negligence and if he did not look he was likewise guilty.

MESTREZAT, J., dissents.

Argued Nov. 5, 1901. Appeal, No. 23, Oct. T., 1900, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 337, on verdict for plaintiff in case of Ada McCracken v. Consolidated Traction Company. Before Mc-COLLUM, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before KENNEDY, P. J.

The facts are fully stated in the opinion of the Supreme Court.

The court refused to give binding instructions for defendant.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was in refusing to give binding instructions for defendant.

*J. H. Beal*, with him *Knox & Reed*, for appellant.—Deceased was guilty of contributory negligence : Ehrisman v. East Har-

risburg City Pass. Ry. Co., 150 Pa. 180 ; Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492 ; Carson v. Federal Street, etc., Ry. Co., 147 Pa. 219 ; Trout v. Altoona, etc., Traction Co., 13 Pa. Superior Ct. 17 ; Brown v. Pittsburg, etc., Traction Co., 14 Pa. Superior Ct. 594 ; Darwood v. Union Traction Co., 189 Pa. 592 ; Kern v. Second Avenue Traction Co., 194 Pa. 75 ; Watkins v. Union Traction Co., 194 Pa. 564 ; Taylor v. Union Traction Co., 184 Pa. 465.

*George B. Gordon*, of *Dalzell, Scott & Gordon*, for appellee.—Deceased was not guilty of any contributory negligence : Reeves v. Delaware, etc., R. R. Co., 30 Pa. 463 ; McGovern v. Union Traction Co., 192 Pa. 344 ; Callahan v. Phila. Traction Co., 184 Pa. 425 ; Carson v. Federal St., etc., Ry. Co., 147 Pa. 224 ; Kraut v. Frankford, etc., Pass. Ry. Co. 160 Pa. 327 ; Cannon v. Pittsburg, etc., Traction Co., 194 Pa. 159 ; Raulston v. Phila. Traction Co., 13 Pa. Superior Ct. 412.

OPINION BY MR. JUSTICE DEAN, January 6, 1902 :

On May 9, 1898, about noon Charles H. McCracken and his son Charles H. McCracken, Jr., the son being about twenty years of age, started on bicycles from the father's store in East End, Pittsburg, to their home on Centre avenue. Their route from the store was on Morewood avenue, a wide street with descending grade which strikes Centre avenue but does not cross it. Centre avenue is sixty feet wide and has on it the two street car tracks of defendant company. The tracks are in the middle of the street and on each side is a carriage way. The grade is a descending one from a point 600 feet west of Morewood avenue to a bridge 300 feet east. Centre was a straight street and the view unobstructed in each direction for 600 feet from Morewood. About 150 feet from Centre avenue, father and son, both then being on the right-hand side of Morewood, the son quickened his speed and ran ahead of his father across the tracks on Centre to the left-hand side of that street, turned his wheel and saw a car coming ; he shouted to his father who was still on the other side, to " look out ; " the father, either not hearing the warning or disregarding it kept on across the tracks ; the running board of the car struck the hind wheel of his bicycle, throwing him to the ground and so

seriously injuring him that he died. The son had forged ahead of the father for the express purpose of giving him warning, if warning was needed, of an approaching car. There was evidence, that the car was going at a high rate of speed at the time and that it gave no warning by gong.

The plaintiff brought this suit, alleging, that her husband's death was caused by the negligence of the company in running its cars at such a high rate of speed at that point and in failing to give the usual warning on approaching Centre avenue. The defendant averred contributory negligence on the part of deceased, in that, he recklessly crossed the track without looking or listening. The learned judge of the court below submitted the evidence bearing on both questions to the jury. There was a verdict for the plaintiff and we now have this appeal by defendant. There are six assignments of error, among others, that the court denied defendant's fourth point, as follows:

"It is the duty of bicycle riders about to cross a street railway to look and listen at the edge of the track; if he fails to do so, he is guilty of negligence per se and since decedent in this case failed to look and listen, or if he did so rode directly in front of an approaching car, which struck him, he was guilty of contributory negligence and therefore plaintiff cannot recover."

Should this point have been affirmed? The jury has found, that the defendant was negligent and therefore we assume that fact. The only question is, is it established as a fact that the deceased was negligent? If there be any doubt about the answer, either from inference or positive evidence, the case was for the jury, as the court below held. Both deceased and the company attempted to use that particular place on the track at the same instant of time, hence the injury. The dominant right to the track was in the defendant; that right must be conceded and deferred to by all of the public who have a right to cross; when about to cross they must use ordinary prudence to ascertain whether the owner of the track is about to use it. The tracks were here straight and clearly visible for a distance of about 1,200 feet, and at least 600 feet in the direction from which the car was coming it could be seen. Deceased was bound to look and listen before crossing. A bicycler is not exempt from the caution imposed upon all others of the public

about to cross railway tracks; to hold otherwise would be to give the bicycler a right on the tracks superior to that of the railway company. As a necessary preventive of accident we would be compelled then to hold, that the motorman must stop and look out for the bicycler. In passing on the question, as to whether the bicycle is a vehicle chargeable with toll on turnpikes, we have held that it was; therefore in propelling his vehicle the rider was bound to exercise in some degree the care of a driver of a team. Nearly ten years ago, when electricity as a motor was just coming into general use in Ehrisman v. East Harrisburg City Pass. Ry Co., 150 Pa. 180, and same book Wheelahan v. Phila. Traction Co., p. 187, both street railway cases, we held that it is the duty of one about to cross a street railway, " to look as he approaches the track and if there is any obstruction to listen and his neglect to do so is negligence per se. And that this is an unbending rule to be observed at all times and under all circumstances. In the case of steam railroads a question some times arises as to the proper place to stop, look and listen; but no such question arises in the case of city railways. If the citizen looks just before he crosses, he avoids all danger of accidents." These cases were followed by Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492, Trout v. Altoona, etc., Traction Co., 13 Pa. Superior Ct. 17, Darwood v. Union Traction Co., 189 Pa. 592, and other cases. The evidence is uncontradicted, that without change of speed or turning his head the deceased went straight across. Thus far we have discussed the case on the assumption, that deceased did not look and was therefore negligent; but concede, that as argued, he did look but the speed of the car was so great that what would have been otherwise a not dangerous attempt to cross, yet against all prudent calculation proved a mistake in this case. With one exception the plaintiff's own witnesses including the son, all put the distance of the car when he attempted to cross at fifty to seventy-five feet, besides putting him on the safe side of the track before touching the rail; he then had just seventeen and one half feet to go to entirely clear both tracks and place himself and wheel outside the running board on the far side of the car; he was moving at the rate of eight or ten miles per hour which would be ten to fifteen feet per second; if the car were moving at the rate of twenty-five

miles per hour, a highly improbable speed, it would run over the distance to where deceased was struck in just about the time it took him to reach the same point from Morewood avenue. To attempt to cross with a rapidly moving car in full view under such circumstances was taking, to say the least, a very grave and unnecessary risk. Several of the plaintiff's witnesses who saw both him and the car when he started across, say, they were afraid the car would strike him. Their perceptions were not quickened by any personal peril as his ought to have been; what was probable to them ought to have been so to him and have brought into exercise that degree of prudence which would have avoided the fatal consequence. Clearly, there is no possible view of the evidence, no reasonable inference from it, which will acquit him of contributory negligence.

It is argued with much earnestness, that it is incredible that a man of mature years in full possession of his faculties would take such a risk; that clearly, he was misled by thinking the car was running at a lawful rate of speed when that speed was a recklessly rapid one. Assuming as we have assumed, that the rate of speed at that point was unlawful, that fact was just as obvious to him, or would have been if he had looked, as to his son and several other witnesses of plaintiff, who observed the car from about the same point of view. But the argument while specious is not sound, because not in accord with common observation. It is per se negligence to get on or off a moving car; yet we see usually prudent and careful men, every day commit that act and comparatively few are injured; but, nevertheless, it is negligence; many persons usually careful attempt to cross in front of a moving car; many do not stop, look, and listen when about to use the crossing of a steam railroad. While the fear of death or mangling ought to prompt care, we know from long observation of the appeals in this court, that in very many cases it does not. We cannot, therefore, assume that it is incredible that deceased attempted to cross in front of a rapidly moving car in full view.

The able argument of appellee's counsel does not convince. It assumes a fact which is not proven and cannot be inferred, that is, that when McCracken attempted to cross the tracks the car was 500 feet distant. It is possible but not probable, that when he made up his mind to cross, the car was 100 or 200 feet

distant; but where was it just as he approached the first rail? He was then bound to look; it was then just about one second in time distant; about the time it took McCracken to cross the roadbed; if he then looked, as he was bound to do, he saw it and was negligent in attempting to cross; if he did not look it was negligence in him not to do so. There was no imperious necessity dictated by hastily formed judgment impelling him to go straight on as in cases where a man by no fault of his own is in peril; he was then still in a place of safety; he could have stopped and dismounted, or he could have kept outside of the rail on the same side of the road. To argue, that he could not cross because a car, when he saw it, 500 feet off without fault on his part ran him down, is at war with every man's senses and experience derived from observation. The car obviously had only to traverse as many feet on the rails as would equal McCracken's time in the seventeen and one half feet crossing them. In not one of the many authorities cited by appellee's counsel were the controlling facts at all like unto the indisputable ones in this case.

In the view we take of the law applicable to the fourth assignment of error, the other five become immaterial and we do not discuss them.

The judgment is reversed and a judgment is entered for the defendant.

MR. JUSTICE MESTREZAT, dissenting:

This case was clearly for the jury and having been properly submitted by the learned trial judge, I would affirm the judgment of the court below.