## Boring, Appellant, v. Union Traction Company.

*Negligence—Street railways—Crossing street in middle of block—" Stop, look and listen."*

In an action against a street railway company to recover damages for personal injuries it appeared that at night plaintiff left the west sidewalk of a street at the middle of a block to cross to the east. At this place an alley seven feet wide opened into the street but did not cross it; crossing stones were laid from the end of the alley to the other side of the street. Plaintiff looked as he stepped in the street and saw a car within 150 or 200 feet of him. He did not look again. When near the west rail he met two men crossing in the opposite direction and stepped from the crossing stones south in the direction of the car. He was struck as he was stepping from the east rail. If he had looked at the point of danger, he would have seen that the car was so near that in attempting to cross he was placing himself in a position of imminent danger. *Held,* that a verdict was properly directed for defendant not only because of the contributory negligence of plaintiff, but also on account of the failure to prove negligence of the motorman.

Argued March 22, 1905. Appeal, No. 367, Jan. T., 1904, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1902, No. 2846, on verdict for defendant in case of James H. Boring v. Union Traction Company. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Eugene Raymond*, for appellant, cited : Kline v. Traction Co., 181 Pa. 276 ; Shaughnessy v. Traction Co., 17 Pa. Superior Ct. 588; Lenkner v. Traction Co., 179 Pa. 486 ; Muckinhaupt v. R. R. Co., 196 Pa. 213 ; McGovern v. Traction Co., 192 Pa. 344; Elston v. R. R. Co., 196 Pa. 595 ; Henderson v. Traction Co., 202 Pa. 527.

*Thomas Leaming*, with him *Thad. L. Vanderslice*, for appellee, cited : Buzby v. Phila. Traction Co., 126 Pa. 559 ; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180 ; Nugent v. Traction Co., 181 Pa. 160 ; Burke v. Union Traction Co., 198 Pa. 497 ; Holmes v. Union Traction Co., 199 Pa. 229 ; McCracken v. Traction Co., 201 Pa. 378 ; Pieper v. Traction Co., 202 Pa. 100 ; Keenan v. Union Traction Co., 202 Pa. 107 ; Moser v. Union Traction Co., 205 Pa. 481.

PER CURIAM, April 24, 1905:

At night the plaintiff left the west sidewalk of a street at the middle of a block to cross to the east. At this place an alley seven feet wide opened into the street but did not cross it; crossing stones were laid from the end of the alley to the other side of the street. He looked as he stepped in the street and saw a car within 150 or 200 feet of him. He did not look again. When near the west rail he met two men crossing in the opposite direction and stepped from the crossing stones south in the direction of the car. He was struck as he was stepping from the east rail. If the plaintiff had looked at the point of danger, as it was his duty to do, he would have seen what his witness saw, that the car was so near that in attempting to cross he was placing himself in a position of imminent danger. There was moreover no evidence of undue speed or of the failure of the motorman to keep his car under proper control. On both grounds, the contributory negligence of the plaintiff and the failure to prove negligence of the motorman, a verdict was properly directed for the defendant.

The judgment is affirmed.