# Latnee, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railway—Collision between car and wagon—Contributory negligence.*

In an action against a street railway company to recover for personal injuries, judgment n. o. v. is properly entered for the defendant, where it appears from plaintiff's own proof that he attempted to drive across defendant's track when he saw a car coming towards him at a distance of not more than twenty or thirty feet; that his wagon was struck at the front wheel, just as the horse had stepped across the track, and the front end of the wagon was on the track; and that the car was stopped within ten feet after it struck the wagon.

Argued Oct. 8, 1913. Appeal, No. 8, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1908, No. 1,271, for defendant n. o. v. in case of Lewis Latnee v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant.

*Eugene Raymond,* for appellant.

*Layton M. Schoch,* for appellee.

OPINION BY MORRISON, J., November 00, 1913:

This is an action of trespass brought by the plaintiff to recover from the defendant damages caused to the plaintiff and his horse and wagon by a collision between a car and his wagon while he sat therein driving his horse from a small, narrow street, not a stopping place for cars, on to the street railway track. His wagon was struck at the front wheel at about eight o'clock in the evening of December 23, 1907. The car was running at usual speed northward on Thirty-first street in Philadelphia and it was lighted and the gong was ringing. The plaintiff had seen the car at Norris street, about 300 feet away, before he drove onto the track, and when the horse was about to step on the first rail of the track, the plaintiff who was driving, looked and saw the car coming about twenty or thirty feet away.

The plaintiff's statement of the facts in the question involved and his history of the case are not sustained by the testimony offered and received in his own behalf. 1. The plaintiff testified that he saw the car coming when he drove onto the track but did not know how far it was away, but when pressed, on cross-examination, he finally said it was twenty or thirty feet away. Again, he testified that the car struck the rear end of his wagon, but there is no competent evidence of this. The plaintiff finally said that he made this assertion because he was told so; that he did not see the car strike the wagon. 2. There were two boys, Dillon and Wirtz, riding on the rear end of plaintiff's wagon, sitting on the tail-

board, and they were both witnesses for plaintiff and they both testified in substance that the car did not strike the rear end of the wagon but hit it at the front wheel. In addition to this plain testimony of plaintiff's own witnesses there is evidence that the wagon was cut loose from the horse and that the latter was found on one side of the track and the wagon on the other side. Now what do these conceded facts conclusively show?

They show very clearly that the plaintiff attempted to drive across the defendant's track when he saw a car coming towards him at a distance of not more than twenty or thirty feet and that his wagon was struck at the front wheel and cut away from the horse just as the horse had stepped across the track and the front end of the wagon was on the track. The car was not running at a dangerous speed because it was stopped within ten feet after it struck the wagon.

Upon this state of facts the learned trial judge was asked to give a binding instruction in favor of the defendant, but this point was refused and the case submitted to the jury and a verdict was rendered in favor of the plaintiff. Subsequently, on motion and argument, the court below granted judgment in favor of defendant non obstante veredicto and the plaintiff appealed. If this was not a case calling for a binding instruction in favor of the defendant, then it will be difficult to avoid submitting all negligence cases to a jury. As we read and understand the plaintiff's own testimony and that of his witnesses, he was clearly guilty of contributory negligence. It may well be doubted whether he showed that the defendant was guilty of any negligence, but having shown that the accident resulted from his own gross negligence it is immaterial whether or not the defendant was negligent.

The plaintiff is bound by his statements made under cross-examination which convict him of contributory negligence: Black et al. v. Philadelphia Rapid Transit Co., 239 Pa. 463. The present case comes easily within the

rule in the case of McPhillips v. Union Traction Co.,
19 Pa. Superior Ct. 223; see also the cases therein
cited.   The plaintiff is barred from a recovery by the
doctrine of Hicks v. Transit Co., 53 Pa. Superior Ct.
174.   See also Omslaer v. Traction Co., 168 Pa. 519;
Smith v. Traction Co., 187 Pa. 110.

The assignment of error is overruled and the judgment
is affirmed.