# Wolf, Appellant, _v._ Philadelphia Rapid Transit Company.

_Negligence—Street railways—Pedestrian—Contributory negligence—Judgment for defendant n. o. v._

1. The suggestion that a street car was running at a reckless speed at the time it struck a pedestrian, is rebutted by the fact that it stopped within ten feet after the accident.

2. One who voluntarily subjects himself to manifest danger cannot complain because others fail to exercise such a degree of care as to save him from harm.

3. In an action by a pedestrian against a street railway company to recover damages for personal injuries sustained by being struck by one of defendant's cars, judgment was properly entered for the defendant non obstante veredicto where there was no evidence that the car was moving at a reckless speed, and it appeared that the car stopped within ten feet after the collision and that plaintiff had seen the car and voluntarily passed in front of it when it was so near as to strike him before he could step across the tracks.

Argued Jan. 5, 1916. Appeal, No. 261, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1907, No. 975, for defendant n. o. v., in case of Charles H. Wolf v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000; the court subsequently entered judgment for defendant n. o. v.

_Errors assigned_ were rulings on evidence, and in entering judgment for defendant n. o. v.

_Henry J. Scott,_ with him _Oliver E. Shannon,_ for appellant.—The plaintiff was not bound to wait until the

car had passed: Hamilton v. Consolidated Traction Co., 201 Pa. 351; Hobel v. Mahoning & Shenango Ry. & Light Co., 229 Pa. 507; Raulston v. Philadelphia Traction Co., 13 Pa. Superior Ct. 412.

*Layton M. Schoch,* for appellee.—There was no evidence of negligence on the part of the defendant: Yingst v. Lebanon & Annville St. Ry Co., 167 Pa. 438; Moss v. Philadelphia Traction Co., 180 Pa. 389; Latnee v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 362; Kline v. Electric Traction Co., 181 Pa. 276.

The plaintiff was guilty of contributory negligence: Boring v. Union Traction Co., 211 Pa. 594.

OPINION BY MR. JUSTICE WALLING, March 6, 1916:

This suit is the result of a crossing accident on Germantown avenue, Philadelphia, where defendant has a double track electric railway, the west track being south bound.

At about 10 o'clock on the morning of May 10, 1907, Charles H. Wolf, the plaintiff, started from the east side to cross said avenue at a crossing about seventy-five feet north of Tioga street. So far as appears it was not a place where cars stopped to receive or discharge passengers. Just at that time a trolley car and some wagons were passing northward and when they had cleared the crossing plaintiff proceeded to cross the avenue and then saw a south bound car coming about one hundred feet away; and as he approached and was about to cross the south bound track he testifies in effect that he saw the car was coming "ordinary fast," and later says that it came "extra fast," and also says he saw that the motorman was looking back. However, he attempted to cross in front of the car and says he thought he had time to do so; and while on the track held up his hand toward the car as if motioning for it to stop. Before he cleared the track he was hit by the car and seriously injured. Just how near it was to him

when he stepped upon the track does not clearly appear. The evidence tends to show that the gong was not sounded until just before the accident. The car stopped in about ten feet.

It was a fine morning, plaintiff was thoroughly familiar with the crossing and there was nothing else to divert his attention.

He was then sixty years of age, active, in good health and in the possession of his faculties except somewhat deaf.

Plaintiff offered some evidence as to the speed of the car but it was later stricken out by the trial judge as being insufficient to show negligence in that respect.

Defendant offered no evidence, but submitted a request for binding instructions, which was refused and the jury found for the plaintiff.

Later the court below entered judgment for the defendant non obstante veredicto; from which this appeal was taken. In our opinion such judgment was rightly entered, as under all the evidence plaintiff was guilty of contributory negligence. He voluntarily passed in front of the approaching car when so near that he was struck before he could step across the track. He took the chance of getting over ahead of the car and thereby assumed the risk. One who voluntarily subjects himself to manifest danger cannot complain because others fail to exercise such a degree of care as to save him from harm.

There is no substantial conflict in the evidence or the inferences to be drawn therefrom and is a question for the court. The true rule seems to be: "that where the facts are simple and the evidence by which they are presented is involved in no uncertainty, their legal value is for the court to determine; but where the evidence is conflicting or the facts are left in doubt, the conclusions are to be drawn by the jury": Davidson v. Lake Shore & Mich. Southern Ry. Co., 171 Pa. 522.

The suggestion that the car in question was running

at reckless speed is rebutted by the fact that it stopped within ten feet after the accident: Moss, et ux., v. Philadelphia Traction Co., 180 Pa. 389.

On the question of contributory negligence we refer to: Thomas v. Citizens Pass. Ry. Co., 132 Pa. 504; Nugent v. Philadelphia Traction Co., 181 Pa. 160; Smith v. Electric Traction Co., 187 Pa. 110; Sullivan v. Consolidated Traction Co., 198 Pa. 187; Tyson v. Union Traction Co., 199 Pa. 264; McCracken v. Consolidated Traction Co., 201 Pa. 378; Mease v. United Traction Co., 208 Pa. 434; Boring v. Union Traction Co., 211 Pa. 594; Yevsack v. Lack. & Wyo. Val. R. R. Co., 221 Pa. 493; Cunningham v. Philadelphia Rapid Transit Co., 240 Pa. 194; Tozer v. Altoona & Logan Val. Elect. Ry. Co., 45 Pa. Superior Ct. 417; Latnee v. Philadelphia Rap. Tran. Co., 55 Pa. Superior Ct. 362.

That the evidence as to the speed of the car was insufficient to submit to the jury, see, Moss, et ux., v. Philadelphia Traction Co., supra, and Yingst v. Lebanon & Annville St. Ry. Co., 167 Pa. 438. We do not deem it necessary to pass upon the question of variance referred to by the learned judge of the court below.

The assignments of error are overruled and the judgment is affirmed.