## Holland, Appellant, v. Philadelphia Rapid Transit Co.

*Negligence—Street railways—Pedestrian — Contributory negligence—Nonsuit.*

Where a pedestrian in broad daylight starts diagonally across a busy street, on which are double street car tracks, at a point some 60 feet from an intersecting street, and while at the curb sees a car approaching at a good speed about 100 feet from him, and walks across the first track, and, although when he is between the tracks the car is only 30 feet from him, apparently increasing its speed, continues to walk briskly in front of it, and is struck, he is guilty of contributory negligence, and cannot recover for his injuries.

Argued March 22, 1921. Appeal, No. 276, Jan. T., 1921, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1913, No. 396, refusing to take off nonsuit, in case of Ernest E. Holland v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before FERGUSON, J.

220 HOLLAND, Appellant, v. PHILA. R. TRANSIT CO.

The opinion of the Supreme Court states the facts.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to take off, McMICHAEL, P. J., dissenting.   Plaintiff appealed.

*Error assigned* was order refusing to take off nonsuit, quoting record.

*Samuel Scoville, Jr.,* for appellant.

*Wm. M. Stewart, Jr.,* for appellee.

PER CURIAM, April 11, 1921:

The trial judge entered a nonsuit, which the court below refused to remove; this appeal ensued.

After reading the testimony, we are not convinced of error. The following narration of facts, written by counsel for defendant, as a counterstatement of the question involved, fairly states the case: "An adult man, in broad daylight, starts to walk diagonally across a busy street upon which there are double street car tracks [running east and west], leaving the [north] curb at a point about 60 feet west of the foot crossing of an intersecting street; at that point he sees a car coming east at good speed and probably 100 feet west of him; he proceeds south across the roadway 10 feet, across the westbound track 5.9 feet; when he reaches the space between the west- and eastbound tracks the car on the eastbound track is about 30 feet away and apparently increasing its speed; he walks briskly in front of this car and is struck before clearing the track. Quære—Did plaintiff take a chance of getting over the track ahead of the car and thereby assume the risk of injury?"

The question was correctly answered in the affirmative by the court below; and we may add, as suggested by the trial judge, that, so far as the evidence shows, the motorman probably did all in his power to avoid the un-

fortunate injury which plaintiff, by his carelessness, brought upon himself.

The judgment is affirmed.