# Donahue, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence — Street railways — Contributory negligence—Look and listen—Presumption—Evidence.*

1. Ordinarily the presumption that a pedestrian before entering upon street railway tracks took due precaution for his own safety, is sufficient to take the case to the jury, yet if it appears from undenied circumstances regarding the accident that decedent in fact failed to perform his duty, the presumption is rebutted or does not arise.

2. In an action to recover for the death of a pedestrian killed by a street car at a crossing, where it appears that the deceased did not look for the approaching car, or if he looked, saw it and took the chance of crossing ahead of it, the court may say as a matter of law that he was guilty of contributory negligence and no recovery can be had for his death.

3. Where a pedestrian is struck by a car the moment he steps on the tracks of a street railway, it is useless to say he did not see what was plainly visible.

4. Where it appears that a car was stopped within from five to fifteen feet after striking a man, the court will not accept as true the evidence of a single passenger in the car, who was reading a newspaper at the time, that the car was going at an unchecked rate of fifteen to twenty miles an hour, and particularly so where such witness stated subsequently that the car did slow up.

Argued April 16, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 126, Jan. T., 1928, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1926, No. 11679, for defendant n. o. v., in case of Catherine Donahue v. Philadelphia Rapid Transit Co.  Affirmed.

Trespass for death of plaintiff's husband. Before SMITH, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $25,000. Judgment for defendant n. o. v. by MARTIN, P. J. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Fletcher W. Stites,* for appellant.—There is a legal presumption that decedent took reasonable precaution to protect himself from danger. Whether that presumption is rebutted is for the jury: Kreamer v. R. R., 214 Pa. 219; Schmidt v. Ry., 244 Pa. 205; Mountain v. Window Glass Co., 263 Pa. 181; Hartig v. Ice Co., 290 Pa. 21.

The court below erred in deciding as a matter of law that plaintiff's decedent was guilty of contributory negligence. This question was one for the jury: P. R. R. v. Weiss, 87 Pa. 447; Shaughnessy v. Traction Co., 17 Pa. Superior Ct. 588; Raulston v. Traction Co., 13 Pa. Superior Ct. 412; Boyle v. Transit Co., 286 Pa. 536; Scalet v. Telephone Co., 291 Pa. 451.

*Lemuel B. Schofield,* with him *John J. K. Caskie,* for appellee.—There was not sufficient evidence of negligence to support a verdict: Charles v. R. R., 245 Pa. 496; Leader v. R. R., 246 Pa. 452; Kemmler v. Pa. Co., 265 Pa. 212; Tolson v. R. R., 248 Pa. 227, 231; Schuchalter v. P. R. T., 288 Pa. 189.

The instantaneous collision, with a clear view of the track, rebuts the presumption of compliance with legal duty, and convicts plaintiff's husband of contributory negligence as a conclusion of law: Crooks v. Rys., 216 Pa. 590; Patton v. George, 284 Pa. 342; Uhlig v. P. R. T., 287 Pa. 586; Flynn v. Rys., 234 Pa. 335; Curtin v. Transit Co., 286 Pa. 463; Tozer v. Ry., 45 Pa. Superior Ct. 417; Schuchalter v. Transit Co., 288 Pa. 189; Kemmler v. Penna. Co., 265 Pa. 212; McAvoy v.

Kromer, 277 Pa. 196; Murphy v. Transit Co., 285 Pa. 399.

OPINION BY MR. JUSTICE FRAZER, May 7, 1928:

Plaintiff's husband died as a result of injuries received from being struck by one of defendant's trolley cars at a street crossing in the City of Philadelphia. The jury found for plaintiff in the sum of $25,000, but the court below subsequently entered judgment for defendant non obstante veredicto, based on decedent's contributory negligence.

Decedent and a companion were in the act of crossing the street at the usual place for pedestrians at the time the accident occurred. The only witness called by plaintiff who had knowledge of what happened before the accident was a passenger in defendant's car, who at the time was reading a newspaper. He testified the car approached the crossing at a speed of from fifteen to twenty miles an hour and proceeded to cross the intervening street without reduction in speed until it "struck something" with "a dull crash," after which the motorman applied the brake and stopped the car within fifteen or twenty feet, which brought the front of the car about that distance beyond the foot crossing on the far side of the intervening street. The witness alighted from the car and saw plaintiff's husband lying in the street alongside the car about the curb line, and the body of his companion under the front fender.

The foregoing testimony does not disclose the position of decedent immediately before the accident happened. As to this, plaintiff relies on the presumption that he exercised due care for his own safety. Witnesses called by defendant supplied the missing information. The motorman testified that as he approached the crossing he brought his car almost to a complete stop, that it was moving about one mile an hour or less preparatory to bringing it to what he termed a "safety stop" on the near side of the intervening street. He

sounded his gong and proceeded to cross the street, and
testified that as he approached the opposite side "the
first thing I seen was the two objects right in under me,
in front of the car. I didn't have more than three feet
to stop......I didn't see them at all until they appeared
in under my own eyes on the car"; that the men, ap-
parently arm in arm, walked directly in front of the
car when from three to six feet from them. He imme-
diately applied the brakes and stopped within a distance
of six to ten feet, but not in time to avoid striking them.
His speed at that time, was about five miles an hour.
He testified the headlight was lit, and there is no denial
that there were lights in the car, and so far as the evi-
dence shows, we find no obstructions preventing de-
cedent's seeing the approaching car. Another eye wit-
ness to the accident was walking along the street, and
saw decedent and his companion "just about to go on
the track," at which time the car was approximately
three feet from them, and they were hit "nearly instant-
ly." He corroborated the testimony of the motorman
that the car was moving at a speed of not more than
five miles an hour, heard the motorman sound his gong
before starting to cross the street, that the headlight on
the car was lit, and also lights inside the car, and that
it ran from six to ten feet after striking the men before
coming to a stop. His testimony was corroborated to
some extent by another witness who was driving an
automobile alongside the car a moment before the ac-
cident happened.

Under the foregoing testimony, we cannot escape the
conclusion that the court below rightly entered judg-
ment for defendant and properly based its action on
decedent's contributory negligence. While it must be
presumed decedent performed his duty and took due pre-
caution for his own safety before entering on the tracks,
and ordinarily this presumption is sufficient to take the
case to the jury (Blauvelt v. R. R. Co., 206 Pa. 141,
144; Schmidt v. R. R. Co., 244 Pa. 205, 207), yet if it

appears from undenied circumstances regarding the accident that decedent in fact failed to perform his duty, as, for instance, where he is struck the moment he steps on the track by a plainly visible train or car, the presumption is rebutted or does not arise (Hamilton v. R. R. Co., 227 Pa. 137, 141; Cubitt v. R. R. Co., 278 Pa. 366, 371; Christy v. R. R. Co., 283 Pa. 538, 543), and if such facts showed contributory negligence, the court is not required to submit the case to the jury. The inference here is unavoidable either that the men did not look for the approaching car, or, if they looked, they saw it and took the chance of crossing ahead of it. There was no obstruction of any character and nothing shown tending in any way to excuse failure to see what must have been plainly visible. Although, true, a pedestrian, in crossing a street at the regular crossing, is not bound to wait merely because a trolley car is in sight, but is justified in proceeding ahead of it where it is so distant as to be apparent to a man of ordinary prudence that he can cross in safety (Murphy v. Transit Co., 285 Pa. 399, 406), yet he is nevertheless subject to the further rule that, where a pedestrian is struck the moment he steps on the track, it is useless for him to say that he did not see what must have been plainly visible, or to say that he believed the car was so far away that in the exercise of ordinary care he had time to cross ahead of it in safety: Sullivan v. Traction Co., 198 Pa. 187; Kemmler v. Penna. Co., 265 Pa. 212; Hazlett v. R. R. Co., 274 Pa. 433.

Under all the facts disclosed by the record in this case it is evident that deceased either did not look for the car or took the chance of safely crossing when it was clear a collision was inevitable. The car was moving slowly, had passed the safety stop, and was practically committed to the crossing before deceased entered on the track. While we have referred to certain uncontradicted evidence of defendant's witnesses, we do not rule the case on such evidence; for, taking the uncon-

tradicted evidence of both plaintiff and defendant, the car could not have been more than six feet distant when deceased stepped on the track and was immediately struck. These facts clearly distinguish the case from Murphy v. Transit Co., 285 Pa. 399, and Boyle v. Transit Co., 286 Pa. 536, and others relied on by plaintiff, and lead inevitably to the conclusion that deceased walked directly in front of the approaching car and was struck the moment he stepped on the track.

Even if it be conceded that the presumption defendant performed his duty was sufficient to carry the case to the jury so far as concerns the question of contributory negligence, appellant's case would fail because there was nothing in the evidence from which defendant's negligence could properly be found. The testimony of the single witness for plaintiff who undertook to fix the unchecked speed of the car at fifteen or twenty miles an hour when negotiating the crossing,—an alleged fact which he says he knew though he was paying no particular attention, but, on the contrary, was reading a newspaper at the time,—is partially contradicted by his own testimony in another place that the car did slow up, and is wholly overthrown by his own evidence, and that of every other witness in the case, that the car stopped within from five to fifteen feet after the accident. The court was not obliged to take the guess of one who, at the time, was reading a newspaper, as against this admitted and controlling fact.

The judgment is affirmed.