## Erney v. Philadelphia Rapid Transit Company.

*M. J. Geraghty*, for plaintiff; *G. H. Detweiler*, for defendant.

KUN, J., Sept. 14, 1928.—The facts in this case are comparatively simple. On Oct. 28, 1926, the space on the south-bound tracks of Fifty-second Street, at Kershaw Street, was excavated and the defendant company was having rails arranged at that point to be moved into position to replace the rails then in use. This condition had existed for three or four weeks on that portion of Fifty-second Street during which the work was being done, which was well-known to the plaintiff, who had an office at the southwest corner of Fifty-second and Kershaw Streets. About 12 o'clock noon on that day plaintiff had parked his automobile at the east curb of Fifty-second Street, near Kershaw Street, since he could not cross with it at that point, and then started to cross westwardly on foot. As he was crossing the excavated street, he saw a number of workmen of the defendant bent over, apparently at work, at the far end of a rail about sixty feet from him north, and the plaintiff was from a foot to a yard from the south end of the rail and there crossed it. The defendant's workmen were at the time lifting the north end of the rail with tongs. At that moment the tongs slipped out of the hands of one of the workmen, which caused the load to be thrown on the other men, whose holds also slipped, causing the rail to tilt over and fall against the plaintiff's heel, causing him serious injury.

The trial judge took the view that, regardless of the question of negligence in this case, the plaintiff was barred from recovery on account of his contributory negligence in disregarding an obviously potential danger. He saw the defendant's men working on the far end of the rail, which he was about to cross. He was near the extreme other end of it. By stepping either a foot or a yard to the south he could have passed around the rail in entire safety. Instead, he chose to step over it at a time when he saw men at the other end of it apparently working on it. According to his witnesses, the defendant's men were actually lifting the rail with their tongs.

On the question of negligence, there is no evidence in the case on which a finding of negligence on the part of the defendant could be based. The only thing we have is testimony that, as a number of defendant's workmen were lifting the rail in question with tongs, one of the tongs slipped from the hands of one of the workmen. No carelessness was shown in the employment of the workmen or in the manner of their work. It was a sort of an occurrence not at all unusual in work of that kind. However that may be, it is clear to the court that the plaintiff, in undertaking to step over the rail while

the defendant's men were working on it, and, indeed, lifting it at one end, when he could have avoided all possibility of danger by stepping around the end of the rail a foot or a yard away, is barred from recovery on account of his own, or contributory, negligence.

When the facts are simple, and the evidence by which they are presented is involved with no uncertainty, their legal value is for the court to determine: Wolf v. Phila. R. T. Co., 252 Pa. 448.

"A duty rests upon every one to exercise his intelligence; and when a situation suggests investigation and inspection in order that its dangers may fully be disclosed, he is under the obligation of investigating and inspecting. The presumption is that one will see and understand all perils that a prudent and intelligent person of the same age and experience, and with the same capacity for estimating their significance, would see and understand, and if he neglects to observe, and consequently remains in ignorance of, discoverable dangers, the fault is deemed to be his own. He will be held to have had knowledge of all such dangers as may be shown to have been obvious or patent:" 20 Ruling Case Law, §§ 98 and 99, page 111, in which Pennsylvania cases are cited.

The motion to take off the non-suit was properly overruled.