## Turner v. Philadelphia Rapid Transit Company.

*Earle Hepburn,* for plaintiff; *John V. Lovitt,* for defendant.

MARTIN, P. J., Dec. 12, 1929.—Plaintiff instituted this suit to recover damages for injuries inflicted upon him when struck by a trolley car while walking across 29th Street at the intersection of Thompson Street.

The accident occurred at about 7 o'clock, on a clear morning, Nov. 6, 1925. Plaintiff testified that he was walking west on the north side of Thompson Street; when he arrived at the curb of 29th Street, prepared to cross, he looked to see if there was any traffic and saw a car coming south just about crossing Master Street, in the neighborhood of 375 feet distant; that he started to cross, and when he arrived at the dummy between the two tracks he looked again and saw the car about ninety feet away. He was then about two feet from the south-bound car track and continued to walk seven or eight feet, occupying two or three seconds, and had one foot over the rail nearest the west curb, between the rail and the curb, when he was hit on the right shoulder by the car. He fixed the distance of ninety feet by the flash as the trolley pole crossed an intersecting wire.

There was no evidence as to the speed of the car. Plaintiff testified it knocked him about twenty-five feet. On cross-examination, he testified that the last time he looked was when he was between the car tracks and that he did not look again, but started to walk across, and the next thing he knew he was hit; that he started a little inside the dummy and that it would take about two steps to reach the point where he was struck. He admitted the trolley car might have been a little nearer than ninety feet, his only standard for determining the distance between him and the car being the flash at the trolley pole, and he did not mean to say the front of the trolley car was ninety feet away, but meant that point from where he saw the flash was ninety feet away, so the front of the trolley car would be somewhat nearer to him, but as he did not know the length of the car he could not estimate the distance, and was unable to tell how far away the front of the trolley car was where the pole made the flash by its contact with the wire, and admitted that the front of the car would be a car length nearer.

The only other witness to the accident was standing at the corner of 29th and Thompson Streets. He testified that he saw the plaintiff coming across the street, but did not observe where the trolley car was at that time, and did not see him from the time he left the curb until he was on the south-bound track, about two feet from the west rail. This witness made a previous statement in which he said that plaintiff was crossing the east rail of the south-bound 29th Street track when the south-bound car was coming south at a fast speed "at this time about five to ten feet north of the place Turner was crossing."

Affording to the testimony offered by plaintiff the most favorable interpretation, it is apparent the only inference that can be drawn from the undisputed evidence is that the injuries plaintiff suffered resulted from stepping upon the track directly in front of an approaching car, which struck him almost instantly after he took his position upon the track.

The opinion of Mr. Justice Potter, in Cunningham v. Philadelphia Rapid Transit Co., 240 Pa. 194, 196, is applicable to the present case. There were no obstructions of any kind in the way to prevent plaintiff seeing the approaching car. He advanced to a point of danger, which was at the east rail of the south-bound track, stepped across the rail and came into collision with the car. The space between the rails of the track upon which the car was coming was about five feet, and as his evidence shows that he was struck when leaving the west rail, he had at that time moved four feet into the space between the rails and advanced five feet from a position of safety outside the rail, where he might have stood had he heeded the approach of the car. Two steps measured the distance and the time it took to make them marked the period which elapsed while he passed from a safe place at the side of the

track into the danger zone between the rails. "The only reasonable inference which can be drawn from the testimony is that plaintiff did not heed the near approach of the car and stepped upon the track directly in front of it when it was so near that he had no time to save himself from collision by either stepping forward or backward. It was impossible for plaintiff, had he looked, not to see the car, and 'if he had used his senses and acted upon the information which they certainly would have given him, he would not have gone directly in front of a moving car to be struck by it.' . . . When a pedestrian, after stepping in front of a car, comes in practically instantaneous contact with it, it matters not what the testimony as to his previous actions may have been. The mischief is done at that time and the collision occurs practically on the instant."

In Wolf *v.* Philadelphia Rapid Transit Co., 252 Pa. 448-450, it was said by Mr. Justice Walling: "Under all the evidence, plaintiff was guilty of contributory negligence. He voluntarily passed in front of the approaching car when so near that he was struck before he could step across the track. He took the chance of getting over ahead of the car and thereby assumed the risk."

The facts in the present case are simple, and the evidence by which they were presented was involved in no uncertainty. Their legal value is for the court to determine.

And now, to wit, Dec. 12, 1929, the motion for judgment *n. o. v.* is granted, and it is directed that judgment be entered in favor of defendant against the plaintiff. Rule for new trial discharged.