## Ferencz *v.* Pittsburgh Railways Company, Appellant.

Argued March 27, 1941. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*Error assigned,* among others, was refusal of judgment n. o. v.

*A. W. Henderson,* with him *J. R. McNary,* for appellant.

*Robert H. Braun, Jr.,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, April 14, 1941:

Plaintiff brought this action to recover damages for the death of her husband, who was struck by a street car of defendant as he was crossing its single track on Duquesne Avenue in the Borough of Duquesne. From judgment entered on a verdict in plaintiff's favor defendant appeals.

Duquesne Avenue, which runs North and South, is parallel and adjacent to the right-of-way of the Pennsylvania Railroad, upon which there are four tracks. The distance between the easterly rail of the street railway track and the westerly rail of the first track of the railroad is 9 feet, 11 inches. There is no street intersection at the place where the deceased endeavored to cross.

The plaintiff's witness, Balog, gave the following account of the accident, which took place at one o'clock in the morning. The witness was standing at the curb on the West side of Duquesne Avenue, and during the entire time the deceased was within his view. The night was very clear. He first observed the deceased on the other, East, side of the railroad tracks, walking towards them; he was facing toward Grant Avenue, to the South. When he had reached the middle of the railroad tracks, crossing diagonally in a South-Westerly direction, Balog noticed the street car, which was then at Grant Avenue, approaching from the South. He fixed its distance from the deceased at 500 to 600 feet (a plan shows the distance to be 561 feet). The car was plainly visible at that distance; the headlight was lit and it was illuminated within. The witness estimated its speed at 40 to 45 miles an hour.

The deceased was crossing the railroad tracks at a lively pace, but not running, and as he came to the last of them he stopped momentarily. At that time the street

car was 200 to 250 feet away. He then proceeded to cross the space between the railroad and street car tracks, looking toward the approaching car. There was nothing between him and the car to obstruct his view of it. When he reached the first rail of the street car track, the car was "about 75 to 80" feet away. He started to cross, and was struck on the second rail, the one nearest the witness and 30 feet from where the latter was standing.

This was the only witness called by plaintiff who saw the accident. Though the motorman and another witness for the defendant also described the collision, we have disregarded their evidence in disposing of the appeal.

The testimony of Balog clearly shows the deceased was guilty of contributory negligence as a matter of law. The principles which govern the question of contributory negligence in this class of cases have been established in a number of our decisions. In one of these, *Gehringer v. Erie Rys. Co.,* 301 Pa. 103, 151 A. 703, we said (p. 106), citing *Gavin v. P. R. T. Co.,* 271 Pa. 73, 75, 113 A. 832: ". . . if a pedestrian deliberately attempts to cross a street between the regular crossings and injury results 'ordinarily he will be chargeable with such carelessness as to prevent recovery of damages'". See also *Meyer v. Traction Co.,* 189 Pa. 414, 42 A. 41; *Danks v. Pittsburgh Rys. Co.,* 328 Pa. 356, 195 A. 16.

The decedent did not discharge his duty of care by pausing on the elevated roadbed of the railroad to look toward the oncoming car. It was his duty to continue to look as he approached the track. One of the leading cases, announcing a view from which we have never departed, is *McCracken v. Consolidated Traction Co.,* 201 Pa. 378, 50 A. 830, decided in 1902. There we held that a traveler on the highway, about to cross the tracks of a street railway, is bound to look just as he approaches the first rail. And in *Patton v. George,* 284

Pa. 342, 344, 131 A. 245, where, as in this case, the pedestrian injured paused at a point 13 feet from the tracks, we stated: "It is an inflexible rule that a traveler must look for approaching cars immediately before entering upon a street car track." See also *Nugent v. Phila. Traction Co.,* 181 Pa. 160, 162, 37 A. 206; *Boring v. Union Traction Co.,* 211 Pa. 594, 595, 61 A. 77; *Schuchalter v. P. R. T. Co.,* 288 Pa. 189, 192, 135 A. 739; *Clark v. Pittsburgh Rys. Co.,* 314 Pa. 404, 405-6, 171 A. 886; *Danks v. Pittsburgh Rys. Co.,* supra.

When the deceased paused on the roadbed of the railroad, the car was 200 to 250 feet away, approaching rapidly. Without further hesitation he traversed a distance of 9 feet, 11 inches, and entered upon the track, with the car only 75 or 80 feet away, less than two car lengths. Whether he then looked at the car we do not know, but the point is immaterial. As we said in an analogous case: "If the plaintiff had looked at the point of danger, as it was his duty to do, he would have seen what his witness saw, that the car was so near that in attempting to cross he was placing himself in a position of imminent danger:" *Boring v. Union Traction Co.,* supra, at p. 595. We there held that a pedestrian who halted at the curb, saw a street car 150 to 200 feet away and continued forward upon the tracks where he was struck, was contributorily negligent as a matter of law. And, in *Danks v. Pittsburgh Rys. Co.,* supra, we said of a person attempting a similar crossing (p. 358): "if *he did* see the street car as he left the curb, he was negligent because he then walked knowingly into its path. . . . On the other hand, if we believe his statement that he *did not see* the trolley car until it struck him, he is none the less at fault, for in that event it is clear that he failed to perform his duty to look for it."

The fact that the decedent, walking briskly, was struck before he could pass over the second rail of the track is in itself significant. In *Patton v. George,* supra, we said (p. 345): ". . . one who walks in front of

a moving engine or car, which is plainly visible, and is immediately struck is guilty of contributory negligence, regardless of evidence as to his having stopped, looked or listened." The only inference that can be drawn from such instantaneous striking is that of contributory negligence: *Wolf v. P. R. T. Co.,* 252 Pa. 448, 450, 97 A. 684; *Donahue v. P. R. T. Co.,* 293 Pa. 253, 257, 142 A. 291; *Lieberman v. Pittsburgh Rys. Co.,* 305 Pa. 412, 157 A. 905; *Dando v. Brobst,* 318 Pa. 325, 327, 177 A. 831.

The fact that the car was travelling at a rapid speed does not relieve the deceased of the charge of contributory negligence. When he stood at the last railroad track the car was plainly visible to him. He was not directly in line with its approach, but was at a distance of 15 feet from the center of its track and upon a slight elevation. His opportunity to observe its speed was greater than that of the witness Balog, and he was bound to take that factor into consideration before attempting to cross: *Lieberman v. Pittsburgh Rys. Co.,* supra; *Jerdon v. P. R. T. Co.,* 260 Pa. 275, 276, 103 A. 733. In *Patton v. George,* supra, the street car which struck the plaintiff was approaching "terrible fast", but, as in the present case, the night was clear, the car's headlight was burning, and plaintiff's view of its progress was unobstructed. A judgment n. o. v. for the defendant was sustained. In *Clark v. Pittsburgh Rys. Co.,* supra, although the plaintiff was struck at a regular crossing, we held (p. 405): "That a person who crosses a track in front of a 'pretty fast' moving street car 70 feet away without again looking at the car until it is four or five feet away from him is guilty of contributory negligence is too plain for argument." Here the deceased was crossing between intersections, and had no reason to expect that the car would decrease its speed as it approached the point where he entered upon the tracks. See also *Holland v. P. R. T. Co.,* 270 Pa. 219, 113 A. 198.

Plaintiff asserts that the deceased was struck at a "permissive" crossing, because people coming from River Avenue, which came to an end at the East side of the railroad tracks, customarily walked across the tracks there to the West side of Duquesne Avenue. The doctrine of "permissive" crossings has no application to street railway tracks located in a public thoroughfare. The only case cited by plaintiff in support of her contention is *Quattrochi v. Pittsburgh Rys. Co.*, 309 Pa. 377, 164 A. 59, in which appears a single passing reference to a "permissive" crossing of a street railway immediately in front of a public school. The real point of the case is stated at p. 380: "It is common knowledge that special caution is required for the protection of children who congregate in the vicinity of a schoolhouse. . . . *For that reason* there was a duty upon the motorman in the present case to exercise extreme caution." In *Boring v. Union Traction Co.*, supra, where the rule of contributory negligence here adopted was applied, the plaintiff was struck while crossing a street railway in the middle of the block, *upon a path of stones* which had been placed from the open end of an alley on one side of the tracks to the curbline on the opposite side.

As the deceased was struck between intersections, the cases involving accidents at regular street crossings cited in plaintiff's supplemental brief have no application: *Gehringer v. Erie Rys. Co.*, supra; *Lieberman v. Pittsburgh Rys. Co.*, supra.

The presumption that the deceased was exercising reasonable care when struck does not avail plaintiff in the face of the testimony of her own witness clearly establishing contributory negligence. As we stated in *Lieberman v. Pittsburgh Rys. Co.*, supra, at p. 416: "The presumption must go down before the proven fact." *Donahue v. P. R. T. Co.*, supra; *Watkins v. Prudential Ins. Co.*, 315 Pa. 497, 505, 173 A. 644; *Borits v. Tarapchak*, 338 Pa. 289, 12 A. 2d 910.

In view of our conclusion that the defendant is entitled to judgment in its favor as a matter of law, the other assignments of error need not be considered.

The judgment is reversed and is here entered for defendant.