Matta *v.* Pittsburgh Railways Company et al., Appellants.

Argued March 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellants.

*W. H. Coleman,* for appellee.

PER CURIAM, April 13, 1942:

This is an appeal from the refusal of the court below to enter judgment n. o. v. for the defendant, in a trespass action in which the plaintiff received a verdict for $7,000 for personal injuries. While crossing as a pedestrian from the south side to the north side of Fifth Avenue in the city of McKeesport the plaintiff, who was then 29 years of age, was struck by the defendant's street car and injured. Plaintiff testified that he was on the side-walk when he first saw at his right the street car at a distance of about 200 feet. When he was half way across the street and still in a safe place the car was about 50 or 75 feet away. When the plaintiff was leaving the last rail of the west bound track the street car struck him, causing him the injuries complained of. Plaintiff testified that when he was in the "dummy" [between the two tracks] the street car "was 75 feet away" and running at a speed "between 35 and 40 miles an hour". He added: "It seemed like just before I was hit he was on top of me and increased his speed." Another witness for the plaintiff was asked: "When he [the plaintiff] got on the street car track the car was running on, how close was the street car to him at that time?" The reply was: "I judge about 8 or 10 feet. He [the motorman] had ample time to stop, but got excited and increased the speed of the car."

Recovery must be denied in this case because of plaintiff's contributory negligence. *Ferencz v. Pittsburgh Railways Company,* 341 Pa. 369, 19 A. 2d 385, is decisive of this question. There we said. "When the deceased paused on the roadbed of the railroad, the car was 200 to 250 feet away, approaching rapidly. Without further hesitation he traversed a distance of 9 feet, 11

inches, and entered upon the track, with the car only 75 or 80 feet away, less than two car lengths. Whether he then looked at the car we do not know, but the point is immaterial. As we said in an analogous case: 'If the plaintiff had looked at the point of danger, as it was his duty to do, he would have seen what his witness saw, that the car was so near that in attempting to cross he was placing himself in a position of imminent danger': *Boring v. Union Traction Co.*, supra, at p. 595." In *Bailey v. Alexander Realty Co.*, 342 Pa. 362, 367, 20 A. 2d 754, we said: "When an individual *can* assure his own safety by the use of his senses, he must do so or abide the consequences of his carelessness."

The testimony as to the car's increased speed just before it struck plaintiff is not sufficient to take this case to the jury. It may have appeared to the plaintiff and to the witness quoted that the car's speed was increased as it covered the 8 or 10 feet referred to, but as the evidence is that the car was travelling 35 or 40 miles an hour (i. e. about 50 feet a second) when plaintiff stepped on the track, it is obvious that it was impossible to stop the car before it struck him.

Judgment is reversed and is here entered for the defendant n. o. v.