# Randall *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railway—Wagon—Right angled collision—Contributory negligence.*

Where the driver of a team and wagon thirty feet long, approaches at a slow trot, from a cross street, a broad avenue upon which is a double track electric railway, sees a car on the far track three hundred feet away, when he himself is at the house line, again looks when the front feet of his team are on the first rail of the far track and sees the car ninety feet away, coming at a high speed, and then without stopping endeavors to drive the team across and is injured, he cannot recover for personal injuries sustained by himself.

In such a case it is immaterial that the driver testified that it was the general custom for cars to slacken speed at another intervening cross street, and that the car in question did not slacken speed on this occasion at that street.

532    RANDALL *v.* PHILA. R. T. CO., Appellant.

Statement of Facts—Opinion of the Court. [62 Pa. Superior Ct.

Argued Nov. 22, 1915.   Appeal, No. 44, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 3606, on verdict for plaintiff in case of John Randall v. Philadelphia Rapid Transit Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.   Reversed.

Trespass for personal injuries.   Before PATTERSON, J.
The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $200.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Sydney Young,* for appellant.

*Franklin Spencer Edmonds,* with him *Howard Schell Baker,* for appellee.

OPINION BY KEPHART, J., March 1, 1916:
On Saturday, October 22, 1910, at 1 p. m. the plaintiff was driving a "big heavy team" hitched to an empty wagon at a slow trot southwardly on Park avenue. Where Park avenue intersects Allegheny there is a right angle crossing with the defendant street car company's tracks.   On this avenue, which is 125 feet in width, there are two lines of street car tracks.   On the north track, the one first reached by the appellee in traveling south, the cars run westwardly.   On the south track the cars run eastwardly.   As the plaintiff reached the house line of Allegheny avenue a car had just left Broad street, a distance of nearly 300 feet, coming east.   He drove from this house line to the first rail of the north track when the car had proceeded a distance of 65 feet east of the house line of Broad street.   He continued his slow trot and when he again noticed the car, just as the front feet

of his team were on the first rail of the south track, it was 70 feet east of Park avenue or 90 feet from his team. With his team and wagon 30 feet in length from the end of the pole to the tail board, he attempted to drive 36 feet to cross this track and in doing so his wagon was struck about the middle. From the collision he received injuries, for which this action is brought to recover damages. This statement of the facts is taken in their most favorable light to the plaintiff, for at the close of the plaintiff's cross-examination it is quite clear that a compulsory nonsuit must have been entered, and it is on his re-direct examination that the effort is made to place the case in such shape as to admit of its submission to the jury. A careful review of all the facts convinces us that the plaintiff was guilty of contributory negligence in attempting to make the crossing. The rules as to the superior right of the street cars to the use of the street and the duty imposed on pedestrians and drivers of vehicles about to cross the tracks have been frequently expressed. It is the imperative duty of the driver to look just before he brings his team in the path of the moving car and if he fails in this particular and an accident results, his negligence will prevent a recovery. This driver stated in his cross-examination that he looked when his team was on the first rail of the north track, and if he again looked when he reached the south track with the car only 90 feet away, traveling at a rate of speed which he describes as "too fast for me to tell" (how close it was) for him to attempt to drive 36 feet to clear this south track, must certainly exhibit gross carelessness on his part. With his knowledge of the speed of cars, familiar with it as he must have been from his many years' experience as a driver, and in this particular when he states that the car moved from a point 65 feet east of the house line of Broad street to a point 70 feet west of Park avenue, a distance of more than 150 feet, while his horses were traveling over the north track to the first rail of the south track a distance of some 10 feet, the car must have

been traveling at a terrific speed; but it is quite evident that the car was closer to the appellee than he states in his re-direct examination. Under the settled rule of our cases he was guilty of contributory negligence. As stated by Mr. Justice ELKIN in a case wherein the facts are somewhat similar, "if he had looked immediately before going upon the track, as the rule of our cases requires, he would have seen the car less than 100 feet away, and should have known that he could not cross in safety if he continued driving at the same rate of speed. ......It was not only his duty to look at the proper place, but when he looked and saw danger which could be avoided by the exercise of reasonable care, it was his duty to avoid that danger": Timler, Appellant, v. Philadelphia Rapid Transit Company, 214 Pa. 475. This case falls in the line of cases such as Hicks, Appellant v. Philadelphia Rapid Transit Company, 53 Pa. Superior Ct. 174, and Pilgrim Laundry Company v. Philadelphia Rapid Transit Company, Appellant, 56 Pa. Superior Ct. 593. The mere fact that the driver testified that it was the general custom for cars to slacken speed on the west side of Park avenue will not prevent the operation of this rule nor will it alone assure to the appellee a right to pass over the tracks without regarding the other circumstances connected with the event, such as the speed of the car, the distance which it must travel, and the approximate time consumed in such travel, as well as other circumstances in the case. As stated by Judge PORTER in Pilgrim Laundry Company v. Philadelphia Rapid Transit Company, Appellant, 56 Pa. Superior Ct. 593: "The driver testified, it is true, that it was the general custom for cars to stop at that point, but this did not relieve him from the duty of looking, to see whether the car had stopped, immediately before his horse entered upon the track: Flynn v. Pittsburgh Railway Co., 234 Pa. 335; Greenwood v. Philadelphia W. & B. Railroad Co., 124 Pa. 572.

The assignments of error are sustained and the judgment is reversed and is here entered for the defendant.