# Long v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railway—Automobiles—Right angled collision—Contributory negligence.*

In an action by the owner of an automobile to recover damages for injuries to the automobile in a right angled collision between the defendant's electric car and the motor car, the plaintiff cannot recover where it appears that the driver of the automobile approached a crossing at the rate of three or four miles per hour, that when at a sufficient distance from the track of the defendant to permit him to stop safely, he saw a street car approaching and slowing down to what is called a "safety stop," that assuming that the car would stop, he drove ahead without waiting to see whether the car would in fact stop, with the result that a collision occurred in which the motor car was practically destroyed.

Argued Oct. 10, 1916.   Appeal, No. 376, Oct. T., 1915, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1915, No. 1844, on verdict for plaintiff in case of John Long, trading as Faith & Company, v. Philadelphia Rapid Transit Company.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Trespass to recover damages for the destruction of an automobile in a right angled collision with an electric car.   Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $715.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Charles H. Edmunds,* for appellant.—According to Heller's testimony, he saw clearly that defendant's car

had not stopped at Parrish street, and saw this when he was in a place of safety and could have brought his auto-truck to a stop before reaching the zone of danger. He assumed that he had the superior right of way, and that it was the obligation of the defendant company to stop its car, if it could, regardless of any inconvenience to the passengers through a sudden stop, and yield to him the right of way: Bowen v. Buffalo & Lake Erie Traction Co., 54 Pa. Superior Ct. 128; Fynn v. Pittsburgh Railways Co., 234 Pa. 335; Pilgrim Laundry Co. v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 593; Randall v. Philadelphia Rapid Transit Co., 62 Pa. Superior Ct. 531; Mellet v. Reading Transit Co., 55 Pa. Superior Ct. 465; McCracken v. Consolidated Traction Co., 201 Pa. 378; Hicks v. Philadelphia Rapid Transit Co., 53 Pa. Superior Ct. 174; Black v. Philadelphia Rapid Transit Co., 239 Pa. 463; Latnee v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 362; Mease v. United Traction Co., 208 Pa. 434; Crumley v. Philadelphia Rapid Transit Co., 55 Pa. Superior Ct. 599; Smathers v. Pittsburgh & Butler Street Railways Co., 226 Pa. 212; Nicholson v. Pittsburgh Railways Co., 58 Pa. Superior Ct. 106.

*W. Horace Hepburn, William A. Carr* and *Sidney L. Krauss,* for appellee.—The case of Welsh v. Philadelphia Rapid Transit Company, 63 Pa. Superior Ct. 143, is the same in principle as the present case.

OPINION BY HEAD, J., December 18, 1916:

The auto-truck of the plaintiff, driven by his employee, was damaged in a right-angled collision between it and a car of the defendant. That collision occurred in broad daylight, at the intersection of two streets, neither of which was crowded with traffic or pedestrians, and with the two cars, each in the plain view of the driver of the other. It would seem to follow, from this brief statement, the accident could not have occurred, unless the

plaintiff's driver or the motorman of the defendant's car, or both, had been guilty of negligence. Our present inquiry, as the record stands, is single and simple. Does the testimony of the plaintiff's driver so clearly and surely disclose he was at fault that the learned trial judge should have so declared as matter of law?

The plaintiff's truck was being driven westward along Parrish street; the defendant's car was moving northward on Forty-first street. The plaintiff himself was not present and relies on the testimony of the driver who was operating his truck. The latter says his car was in good condition and perfectly under his control. He was familiar with the locality; knew he might reasonably expect to meet a street car on Forty-first street and therefore reduced the speed of his car so that when he reached the house line, where he could have a view of the cross street, and first saw the approaching car of the defendant, he was master of the situation. He was then barely moving at the rate of three or four miles per hour. Now when he first saw the street car he estimated its distance from the intersection of the two streets and saw it was moving towards that point. As it approached it slowed down, making what is called "a safety stop." Now the crux of the situation is reached. As there is no new principle of law to be considered in this case, but merely the application of long established doctrine to the facts before us, we may, with propriety use the language of the witness himself. "Q. Just as you were about to drive on the track where was the car? A. It was right there at the corner. Q. It was within a few feet of you, was it not? A. Yes sir.......Q. You were laboring under the impression that the motorman was going to stop at Parrish street, were you not? A. Yes sir. Q. For that reason you thought you had time to get across? A. Yes sir, that is so. Q. Would you have thought there would have been time for you to have gone across if the car had not stopped at Parrish street? A. No; there would not have been time. Q. But I say you took the chances of

the car stopping at Parrish street?  A. I did, yes sir.
......Q. When your car is going at the rate of three or
four miles per hour, you can stop it in a foot, can you
not?  A. Yes sir, you can stop it......within a very
short distance.  Q. What do you mean by a very short
distance?  A. A couple of feet." We regard this as a
clear and candid statement that the proximate cause of
the collision was the wholly unwarranted conclusion of
the plaintiff's driver that the motorman would stop his
car. The driver stated he had observed the car had
never stopped although it had slowed down.  Upon this
latter fact he based his judgment it would stop.  Now if
the situation that developed be regarded from the stand-
point of the motorman, what might he fairly conclude?
His car had the superior right of way on its own track.
He of course saw the plaintiff's truck slowly approach-
ing the track under such control as to readily invite the
idea it was the intention of its driver to stop and permit
the street car to pass.  To say the least such an assump-
tion by him would be as well founded as was the judg-
ment of plaintiff's driver that the car would stop.  As
the plaintiff's evidence presents his case we are unable
to discover any negligent act on the part of the defend-
ant's employee that was not shared in by the plaintiff.

Judgment reversed.