## Hilliard *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Injury to pedestrian at crossing.*

In an action against a street railway company by a pedestrian, to recover damages for personal injuries sustained when he was struck by an electric car while he was diagonally crossing the intersection of two streets, a verdict for the plaintiff will not be sustained where it appears that the car in question had been standing for three minutes at the crossing by reason of a fire in the vicinity; that plaintiff thought it would not start because of the fire; that in obedience to a signal from the traffic officer the car proceeded at a slow speed to cross the street; and that the plaintiff did not look at the car, although it was in full sight, after he left the curb, and was struck upon reaching the car tracks.

Argued Nov. 2, 1916.   Appeal, No. 253, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1916, No. 292, on verdict for plaintiff in case of William Hilliard v. Philadelphia Rapid Transit Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WHEELER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $250.   Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Harry A. Ambler, Jr.,* for appellant, cited: Underwood v. Pittsburgh Rys. Co., 238 Pa. 332; Flynn v. Pittsburgh Rys. Co., 234 Pa. 335; Crooks v. Pittsburgh

Rys. Co., 216 Pa. 590; Cunningham v. Philadelphia
Rapid Transit Co., 240 Pa. 194.

*Horace Michener Schell,* with him *Harry A. Mankin,*
for appellee, cited: Strader v. Monroe, 202 Pa. 626; Ely
v. Pittsburgh, Etc., Ry. Co., 158 Pa. 233; McCollum v.
Pittsburgh Ry. Co., 51 Pa. Superior Ct. 637; Anderson
v. Pittsburgh Ry. Co., 251 Pa. 517; Cronmuller v. Evening Telegraph, 232 Pa. 14.

OPINION BY KEPHART, J., December 18, 1916:

The plaintiff in crossing Second and Chestnut streets
diagonally was struck by an east-bound Chestnut street
car and injured. There was a fire in the vicinity and
the Chestnut street car had been standing for three minutes at the west house line of Second street. Plaintiff
thought it would not start because of the fire. In obedience to a signal from the traffic officer the car proceeded at slow speed to cross the street. The plaintiff
did not look at the Chestnut street car after he left the
curb and was struck upon reaching the car tracks. We
do not think the circumstances surrounding the occurrence were such as to relieve the plaintiff from the observance of the duties enjoined by the numerous decisions of the appellate courts of this State. There is
nothing in the plaintiff's evidence to indicate that there
was a suspension of the traffic occasioned by the fire and
from the plaintiff's testimony the car that struck him
had a clear track. The plaintiff had an unobstructed
view of the car where it was standing. It started after
a notice from the traffic officer at a slow rate of speed
and was stopped within from one to five feet after he
was struck. There is no evidence to dispute the fact
that the gong was sounded. He paid no attention to the
Chestnut street car after leaving the curb. His attention was centered on the Second street car that he was
about to board. The motorman had a right to suppose
that the plaintiff would stop as the plaintiff knew that

the defendant's car had the superior right of track.    Under this state of facts the plaintiff was not entitled to have his case submitted to the jury: Cornell v. Pittsburgh Rys. Co., 54 Pa. Superior Ct. 230; Underwood v. Pittsburgh Rys. Co., 238 Pa. 332.    This court said in Winter v. Mahoning, Etc., Ry. & Light Co., 61 Pa. Superior Ct. 440: "It will not do for a pedestrian standing on the curb, intending to cross a street diagonally, either at a crossing or between crossings, to locate the car before he starts, and then, without further attention to its position, proceed to cross the streets.    The law imposes on him a different duty.    Before he enters the zone of danger or the path of the car, the duty of observing the car's position is imperative."    The plaintiff did not observe any of the well-known rules for his own safety which should be common to the ordinarily intelligent man.

The defendant's motion for judgment non obstante veredicto should have been sustained.   It is here done. The judgment is reversed and directed to be entered for the defendant.