## Stockton, Appellant, v. Philadelphia Rapid Transit Company et al.

*Negligence—Street railway companies—Pedestrians — Collision —Binding instructions for defendant.*

Binding instructions for defendant were properly given in an action to recover damages for personal injuries sustained by plaintiff in consequence of being struck by a trolley car, where it clearly appeared from plaintiff's evidence that he stepped in front of a moving car when it was so near that a collision was unavoidable, although he was aware of its approach.

Argued Jan. 15, 1918. Appeal, No. 189, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1916, No. 330, on verdict for defendant, in case of John Stockton v. Philadelphia Rapid Transit Company and Philadelphia Railways Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, J., specially presiding.
From the record it appeared that Moyamensing avenue, in the City of Philadelphia, is a street sixty feet from house-line to house-line and thirty feet from curb to curb, carrying two lines of street railway tracks, and intersecting Shunk street at an acute angle between Thirteenth and Broad streets. Shunk street runs east

and west and is thirty-seven feet wide from curb to curb, with a twelve-foot sidewalk on each side or sixty-one feet from house-line to house-line. Three streets enter the north sides of Moyamensing avenue and Shunk street between Thirteenth and Broad, in order, from west to east, Watts, Juniper and Clarion. At the time of the accident in suit, a car of the Philadelphia Railways Co. was bound in a northeasterly direction on the southerly tracks on Moyamensing avenue. The distance from the south curb of Moyamensing avenue to the first rail of the southerly track was 7.81 feet. Cars of the Philadelphia Rapid Transit Co. were bound southwesterly on the north tracks on Moyamensing avenue. The distance between the rails of the several tracks was 5.19 feet, and the width of the dummy track was 4 feet.

At 4:30 o'clock in the afternoon of May 1, 1916, the plaintiff alighted from a northbound Moyamensing avenue car at a point about ten feet below the houseline on the south side of Shunk street or at what is called the southwest corner of these two streets. He intended to walk north to Thirteenth and Porter, by crossing Moyamensing avenue, thence east on Moyamensing avenue to Thirteenth street, and up Thirteenth to Porter. He walked northeast on Moyamensing avenue across Shunk street, to the southeast corner of Moyamensing and Shunk, so close that he might, but did not, step on the curb. From this point 93 feet from the place where he had alighted from the car, he attempted to cross the street railway tracks at right angles to them. Several cars of the Rapid Transit Company were moving in a southwesterly direction, at distances of from 15 to 30 feet from one another. When the second of these transit cars was passing, the railways car signaled by bell, which he understood as notice that the car was going ahead. He then stepped back to the south, clear of the tracks of the railways car to allow it to go ahead. He believed it to have started immediately after ringing the bell. He saw a third car of the rapid transit company coming

374 STOCKTON, Appellant, v. PHILA. R. T. Co. et al.

about thirty feet away. He again stepped into the railways track, held up his hand to the motorman of the transit car to indicate his intention to cross. This motorman did not stop the car. He called one remark which the motorman did not hear. At this time the transit car was but 20 feet away and the railways car only 10 feet. When the car of the transit company was 10 feet away from the point of accident, he put his foot onto the track, when the car of the railways company was within three feet of him. Without time to cross the transit track he then took one step backward, and came into collision with both cars, at a time when the motorman of the railways car was already by him.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned,* among others, were rulings on evidence and in directing a verdict for defendant.

*Abraham Wernick,* with him *I. G. Gordon Forster,* and *Rowland C. Evans,* of *Evans, Forster & Wernick,* for appellant.

*Layton M. Schoch,* for Philadelphia Rapid Transit Company, appellee.

*Morris Wolf,* with him *Horace Stern,* for Philadelphia Railways Company, appellee.

PER CURIAM, February 25, 1918:

The clear contributory negligence of the plaintiff called for the direction from the court to the jury that he could not recover. The admission of the ordinance of the City of Philadelphia of June 27, 1913, would not have helped him.

Judgment affirmed.