## Kelly v. Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Collision between car and wagon —"Stop, look and listen"—Case for jury.*

A person about to cross a street at a regular crossing is not bound to wait because a car is in sight, if it is at such a distance from him that he has reasonably ample time to cross, if it is run at its usual rate of speed.

In an action against a street railway company to recover for injuries to two horses and a moving van which were struck by one of defendant's cars at a crossing, the question of the plaintiff's driver's contributory negligence, and the negligence of the defendant, is for the jury where the evidence tends to show that the motorman approached the crossing at an excessive rate of speed, and failed to slow up his car at the street intersection as required by the ordinance of the city, and that the driver observed due care taking into consideration the character of the team and van and the distance of the car from him when he entered upon the crossing.

Argued Nov. 22, 1917. Appeal, No. 287, Oct. T., 1917, by defendant, from judgment of C. P. Delaware Co., March T., 1914, No. 107, on verdict for plaintiff in case of James E. Kelly v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to two horses and a moving van in a collision with a car at the intersection of two streets.

Verdict and judgment for plaintiff for $799.76. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*William I. Schaffer,* with him *J. Borton Weeks,* for appellant.

260, (1918).]          Opinion of the Court.

*William C. Alexander,* for appellee.

OPINION BY ORLADY, P. J., March 2, 1918:

The only error alleged is that, the trial judge refused to direct a verdict for the defendant and subsequently refused to enter judgment, notwithstanding the verdict in plaintiff's favor.

The disputed facts were fairly submitted to the jury in a charge which is free from error.   The testimony of the plaintiff's witnesses demonstrate that the motorman of the defendant's car disregarded his duty by approaching this grade crossing at an excessive rate of speed, and failed to slow up his car, at the street intersection as required by the ordinance of the city.   The contributory negligence of the plaintiff depended entirely on disputed facts which could only be solved by a jury.   Under the authority of Frame v. Electric Trac. Co., 180 Pa. 49; Mease v. Union Traction Co., 208 Pa. 434; Randall v. Philadelphia Rapid Trans. Co., 62 Pa. Superior Ct. 531, a person about to cross a street at a regular crossing, is not bound to wait, because a car is in sight, if it is at such a distance from him that he has reasonably ample time to cross, if it is run at its usual rate of speed.   Taking into consideration the character of the plaintiff's team and van, and the distance the car was from him when he entered upon the crossing, the jury was fully warranted in finding that he was not guilty of contributory negligence.

The judgment is affirmed.