## McKeown, Appellant, *v.* Reading Transit & Light Co.

*Negligence — Street railways — Pedestrian's contributory negligence—Failure to look while crossing street.*

A judgment for the defendant non obstante veredicto was properly entered, in an action for injuries to a pedestrian who was struck by a trolley car, while crossing a street and while looking for a car coming in an opposite direction where it appears that the plaintiff saw the approaching trolley car, which was in plain view when she started to cross the street, but which she supposed would stop at the crossing.

Argued November 8, 1920. Appeal, No. 73, Oct. T., 1920, by plaintiff, from judgment of C. P. Berks County, Feb. T., 1919, No. 44, for defendant non obstante veredicto in the case of Sarah McKeown v. Reading Transit & Light Company. Before ORLADY, P. J., PORTER, HEN-

Statement of Facts—Opinion of the Court. [75 Pa. Superior Ct.
DEESON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $850. Subsequently, on motion, the court entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Samuel E. Bertolet,* and with him *Robert Grey Bushong,* for appellant.

*C. H. Ruhl,* for appellee.

OPINION BY LINN, J., March 5, 1921:

Giving the plaintiff the benefit of every inference which the jury could properly make in her favor from the evidence, we are still of opinion that her contributory negligence was so obvious as to require the judgment non obstante veredicto entered by the learned trial judge.

Plaintiff testified that at about four o'clock in the afternoon while walking within the lines of the sidewalk of the east side of Sixth street across Penn street,—from the southeast corner toward the northeast corner of Sixth and Penn streets—she was struck by defendant's street car. Penn street has two car tracks on which cars run east and west respectively. Plaintiff as she left the sidewalk and stepped to the cartway saw an eastbound car and also a westbound car, both approaching. She was struck by the westbound car. She walked across the street looking at this approaching car until as she says, it was 41 or 62 feet away from her, when, instead of stopping she continued walking but ceased looking

at this car and turned westward to look at an eastbound car approaching some distance away. She explained that she looked toward this eastbound car "to see if he [apparently the motorman] was going to get any signal from the traffic officer." As she turned from thus looking westward, having continued walking across the street, she was struck by the westbound car which she had just seen approaching her only 41 or 62 feet away. She also says she looked at the traffic officer: "I watched particularly to see if I get a signal not to cross"; "to see could I cross the line." She says she received no such signal. She saw the eastbound car stop on the opposite side of Sixth street and gives the real explanation of her misfortune by saying, "......I thought the other car [the westbound car which struck her] was supposed to stop. I didn't know it, and there were people standing out from the curbstone, I thought they were waiting on this car, that is why I wasn't afraid so much of this car, I thought I would get a signal to cross the line." She was mistaken in her impression that westbound cars stopped on the east side of the street; she relied upon that impression and not upon what she saw happening about her; she was not suddenly placed in a position of danger; her mistake was unfortunate but its consequences cannot be transferred to the defendant: see Cunningham v. P. R. T. Co., 240 Pa. 194, at 196 and 197; Wolf v. P. R. T. Co., 252 Pa. 448, 450.

The judgment is affirmed.