# Tyrrell et ux. *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Contributory negligence — Street railways — Question for the court—Practice, C. P.—Binding instructions—Judgment non obstante veredicto.*

A pedestrian who undertakes to cross a street car track in front of an oncoming car, which she has seen but a few feet away, upon the assumption that it will "slacken up," is guilty of contributory negligence.

Evidence that the motorman and conductor moved the defendant's car back after getting out and finding the plaintiff pinned under the car in order to release her, is not evidence of negligence on the part of defendant.

Upon such facts, binding instructions should have been given for defendant or judgment entered non obstante veredicto, and not to do so was reversible error.

Argued October 18, 1921. Appeals, Nos. 51 and 52, Oct. T., 1921, by defendant, from judgments of C. P. No. 1, Phila. Co., June T., 1917, No. 1131, on verdicts for plaintiff, in the case of John and Mary Tyrrell v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for John Tyrrell in the sum of $500 and for Mary Tyrrell in the sum of $1,500, and judgment thereon.

*Errors assigned* were refusal of binding instructions for defendant and refusal of defendant's motion for judgment non obstante veredicto.

*Sydney Young,* for appellant.—The mere fact that plaintiff looked does not relieve her of being guilty of contributory negligence if she saw a car practically upon her, and proceeded to cross the track: Griffith v. P. R. T. Co., 267 Pa. 81; Stockton v. P. R. T. Co., 260 Pa. 372; Long v. P. R. T. Co., 65 Pa. Superior Ct. 281; Miller N. B. Storage Co. v. P. R. T. Co., 62 Pa. Superior Ct. 568.

*Frederick J. Shoyer,* and with him *Henry Arronson,* for appellee.—The plaintiff had the right to rely upon the fact that the car appeared to be slowing up to stop at the regular stopping place: Young v. P. R. T. Co., 248 Pa. 174; Shields v. P. R. T. Co., 261 Pa. 422; Welsh v. P. R. T. Co., 63 Pa. Superior Ct. 143.

OPINION BY KELLER, J., July 13, 1922:

Mary Tyrrell, one of the plaintiffs, while crossing 23d Street at Fairmount Avenue, was knocked down and severely injured by one of defendant's cars traveling northward on 23d Street. Plaintiff's amended statement charged that defendant was negligent in running its car at an unlawful rate of speed and without notice or warning of approach by sounding a gong or ringing a bell.

No proof was presented by the plaintiffs that the car was running at an unlawful, or even at a high, rate of speed; in fact the car's speed was not referred to by any of the witnesses. There was no evidence offered as to

whether it sounded a gong or rang a bell, but Mrs. Tyrrell testified that she saw the car approaching about twenty-five feet away when she started to cross the street, and that it was still approaching and only ten feet away when she looked just before she got to the first rail. It was raining very hard,—"pouring rain," she said—, she was without hat or umbrella, and instead of waiting for the car to pass, she assumed that it would "slacken up" at the crossing and took the chance of getting safely across the track.

The rule which requires a pedestrian to look before crossing a street car track would have little meaning or significance, if having looked and seen a car approaching but a few feet away, the pedestrian could proceed to cross the track in front of the approaching danger without regard for the consequences. A person might just as well not look at all as look and then disregard the danger in plain view. Under the decisions of our Supreme Court, notably in Stockton v. Phila. R. T. Co., 260 Pa. 372; Wolf v. Phila. R. T. Co., 252 Pa. 448; Boring v. Union Traction Co., 211 Pa. 594, and Underwood v. Pittsburgh Rys. Co., 238 Pa. 332, and our own cases, McKeown v. Reading Transit & Light Co., 75 Pa. Superior Ct. 531; Cornell v. Pittsburgh Rys. Co., 54 Pa. Superior Ct. 230; Long v. Phila. R. T. Co., 65 Pa. Superior Ct. 281, and Brown v. Traction Co., 14 Pa. Superior Ct. 594, Mrs. Tyrrell was guilty of contributory negligence. Nor was there any proof that defendant's motorman did not have his car under control. It was stopped a few feet beyond the crossing.

On the second phase of the case the statement alleged that after Mrs. Tyrrell had been knocked down, the motorman and conductor without leaving the car to ascertain her position ran the car backwards inflicting further injuries upon her. The proof produced by the plaintiffs was that as soon as the car was stopped the motorman and conductor got out and found the plaintiff,

Mrs. Tyrell, pinned under the car and fender and moved the car back sufficiently to release her.

The defendant's point for binding instructions should have been affirmed or judgments non obstante veredicto entered in its favor. The third and fourth assignments of error are sustained; the judgments are reversed and directed to be entered for the defendant notwithstanding the verdicts.