## Levine v. Philadelphia Rapid Transit Company.

*Personal injuries—Contributory negligence—Crossing street railway in front of approaching car in the belief that it would stop at crossing.*

Plaintiff, on reaching a street crossing, saw one of defendant's cars about 240 feet away approaching at about 20 to 25 miles an hour. The crossing was one of the usual stops, and she saw people apparently awaiting the arrival of the car. Watching the car continually as it approached, she attempted to cross in front of it, in the belief that it would stop; the car failed to stop and struck her, causing the injuries for which suit was brought: *Held*, that she was guilty of contributory negligence, and judgment *n. o. v.* was entered for defendant.

Motions for a new trial and for judgment *n. o. v.* C. P. No. 5, Phila. Co., March T., 1922, No. 4995.

*Loewenstein, Winokur & Baylson*, for plaintiff.

*C. J. Biddle, Jr.*, for defendant.

McPHERSON, P. J., 51st judicial district, specially presiding, Nov. 2, 1923.— The plaintiff brought this action to recover damages from the defendant, alleging negligence on its part in the operation of a car by its employees at the intersection of 34th Street and Grays Ferry Road on Feb. 6, 1922, at about 3.45 P. M.

At the close of the plaintiff's case, the defendant moved for a non-suit, which was refused, and at the conclusion of the testimony a point was presented to the court asking that the court direct a verdict in favor of the defendant. This was refused, exception taken, and the matter was submitted to the jury, who returned a verdict of $600 in favor of the plaintiff.

On account of the overruling of the motion for a non-suit and the refusal of the point asking for binding instructions, the defendant has filed a motion for judgment *n. o. v.*

On account of the alleged error in admitting, on behalf of the plaintiff, the testimony of a physician as to the nervousness of the plaintiff, an element of damage, where the physician stated that, in his opinion, the nervousness may have been the result of the accident and may have been due to other causes, a motion for a new trial has been filed by the defendant.

The motion for a non-suit and the request for binding instructions were based on the theory that from the evidence it clearly appears, as a matter of law, that the plaintiff was guilty of contributory negligence, and in the argument of this motion this theory was elaborated and is one on which the judgment in favor of the defendant is asked for.

From the evidence it appears that on the afternoon in question the defendant, on her way from the school in which she taught, came north on 34th Street to the intersection of said street with Grays Ferry Road, which runs north and south at this point, and on the south side of which there are double tracks of the Baltimore & Ohio Railroad Company, and south of them the road itself, wherein were laid two tracks of the defendant company, the south track bearing the east-bound traffic and the north track bearing the west-bound traffic. Upon reaching the above referred to intersection after she had crossed the tracks of the Baltimore & Ohio Railroad, the plaintiff saw a west-bound car of the defendant company at or about the intersection of Grays Ferry Road with 33rd Street, a distance of approximately 240 feet from where she stood. This car, according to the plaintiff's witnesses, was traveling from twenty to twenty-five miles an hour when first observed and up to the time of the accident. This intersection is the usual stop for the defendant's cars, and on the occasion in question there were two persons on the north side of Grays

Ferry Road who were apparently waiting for the arrival of the car. The plaintiff attempted to cross the defendant's tracks, and when she reached the south rail of the west-bound track she was struck by the defendant's car. According to her own testimony, during this passage of the street by her, she continually watched the car which collided with her. She was thrown to the ground and injured. It clearly appeared that the plaintiff assumed that the defendant's car would stop at its regular stopping place, in view of the fact that there were apparently two persons desiring to board the car, and on this assumption she essayed to make the passage on the street.

The defendant's motion for judgment n. o. v. can only be sustained if "all the material facts and the reasonable inferences to be drawn therefrom, as appears from the testimony, clearly demonstrate contributory negligence on the part of the plaintiff:" Welsh v. Philadelphia Rapid Transit Co., 63 Pa. Superior Ct. 143.

After a careful consideration of the questions involved, and particularly the testimony on the part of the plaintiff and her witnesses, that during the passage on the street she continually watched the approaching car, we cannot but conclude that the plaintiff was contributorily negligent. There was nothing to obstruct her view of the car, and it must have been in her sight from the time of her first view until the time of the collision. This view of the car must have given her full information as to its progress and as to its position immediately prior to the accident.

Under these circumstances, we are of the opinion that the plaintiff is in the same position as was the plaintiff in the case of Tyrrell v. Philadelphia Rapid Transit Co., 79 Pa. Superior Ct. 346, where the plaintiff, when she started to cross the street, saw a car approaching about twenty-five feet away, and as she entered the track looked again and saw the car ten feet away, but thinking that the car was slackening up at the crossing, she continued on her way and was struck.

On appeal, the verdict and judgment in favor of the plaintiff in that case was reversed and judgment entered in favor of the defendant. There the court said: "The rule which requires a pedestrian to look before crossing a street car track would have little meaning or significance if, having looked and seen a car approaching but a few feet away, the pedestrian could proceed to cross the track in front of the approaching danger without regard for the consequences. A person might just as well not look at all as look and then disregard the danger in plain view. Under the decisions of our Supreme Court, notably in Stockton v. Philadelphia Rapid Transit Co., 260 Pa. 372; Wolf v. Philadelphia Rapid Transit Co., 252 Pa. 448; Boring v. Union Traction Co., 211 Pa. 594, and Underwood v. Pittsburgh Rys. Co., 238 Pa. 332, and our own cases, McKeown v. Reading Transit and Light Co., 75 Pa. Superior Ct. 531; Cornell v. Pittsburgh Rys. Co., 54 Pa. Superior Ct. 230; Long v. Philadelphia Rapid Transit Co., 65 Pa. Superior Ct. 281, and Brown v. Traction Co., 14 Pa. Superior Ct. 594, Mrs. Tyrrell was guilty of contributory negligence."

We feel it is impossible to differentiate the instant case from the one decided in the above referred to decision, and are convinced that from all the material facts and the reasonable inferences to be drawn therefrom the plaintiff was contributorily negligent; we, therefore, conclude that the court was in error in overruling the motion of the defendant for a non-suit and refusing to give binding instructions in favor of the defendant.

We will, therefore, sustain the motion of the defendant for judgment *non obstante veredicto*.

4 D. & C.

In view of the above disposition of the case, it is not material to pass upon the defendant's motion for a new trial, but after a careful consideration of it and the reasons in support thereof, and in view of the verdict rendered in this case, we are of the opinion that if the court erred in admitting the testimony of the plaintiff's physician in relation to the plaintiff's nervousness, it in no way affected the verdict of the jury to the injury of the defendant, and we, therefore, overrule the motion for a new trial.

And now, Nov. 2, 1923, motion for a new trial overruled and judgment directed to be entered in favor of the defendant, notwithstanding the verdict for the plaintiff.