# Steinberg v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railway—Automobile—Right angled collision—Contributory negligence.*

In an action of trespass to recover for damages to an automobile, resulting from a right angled collision with a trolley car, judgment for the plaintiff will be reversed, where it appeared that the plaintiff approached the crossing at a uniform rate of ten miles per hour; that when he got to the house line he saw the trolley car 150 feet away; and that before he proceeded upon the track he saw the trolley car 40 feet away, bearing down upon him.

Argued October 30, 1925. Appeal No. 247, October T., 1925, by defendant, from judgment of C. P. No. 3, Philadelphia County, September T., 1924, No. 7770, in the case of Morris Steinberg v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover for personal injuries and property damage. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $800 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*H. Rook Goshorn,* for appellant.—The plaintiff was guilty of contributory negligence: Robbollatto v. Phila. Rapid Transit Co., 252 Pa. 470; Timler v. Phila. Rapid Transit Co., 214 Pa. 475; Dunlap v. Philadelphia Rapid Transit Co., 248 Pa. 130; Evans v. Pittsburgh Rys. Co., 283 Pa. 180; Tyrrell v. Phila. Rapid Transit Co., 79 Pa. Superior Ct. 346; Kelly v. West Penn Rys. Ct. 91; Fow v. Adams Express, 68 Pa. Superior Ct.

*Jacob Weinstein,* and with him *Joseph J. Fischer,* and *Martin Silvert,* for appellee.—The plaintiff was free from contributory negligence: Clifford v. P. R. T. Co., 269 Pa. 304; Lyons v. Railway Co., 75 Pa. Superior Ct. 300; Cloud v. Traction Co., 78 Pa. Superior Ct. 91; Fow v. Adams Express, 68 Pa. Superior Ct. 345.

OPINION BY TREXLER, J., February 26, 1926:

The plaintiff testifies that as he drove south on Sixth Street, when he got to the houseline on the north side of Fairmount Avenue, the trolley car was 150 feet away and coming rapidly, while he was traveling at a uniform speed of 10 miles per hour, and when he got within two feet of the track, the trolley car was only 40 feet away from his auto. Before he got across the track, he was hit a little to the rear of the centre of his car.

If the car which was 150 feet away from the plaintiff, when he was at the houseline, was within 40 feet of him as he was about to commit himself to the tracks, the dictates of ordinary prudence would tell him to stop. He drove on to the track, and took the risk of collision. This is no place for the application of the principle that the car was so far away that he could, conforming to the standards of the ordinary prudent man, commit himself to the tracks. The language used in Robbollatto v. Phila. Rapid Transit Co., 252 Pa. 470, is apropos, "If, however, the plaintiff did look immediately before driving on to the tracks, he must have seen that the car, according to his testimony, had traveled a hundred feet from the place where he first saw it, when looking from his wagon at the houseline of Kimball Street, while he had traveled twelve feet from the curb-line to the track, and known that he would have to cover a distance of twenty-six feet to clear the track before the car reached him. To drive on the track, was, therefore, taking a risk of a collision, and to depend wholly

upon the motorman of the car to avoid one. In our judgment this was contributory negligence on the part of the plaintiff, and the nonsuit was properly entered: Hicks v. Phila. Rapid Transit Co., 53 Pa. Superior Ct. 174; Mease v. Union Traction Co., 208 Pa. 434; Dunlap v. Phila. Rapid Transit Co., 248 Pa. 130. See also Timler v. Phila. Rapid Transit Co., 214 Pa. 475 and Dunlap v. Phila. Rapid Transit Co., 248 Pa. 130.'' To these authorities we may add the very recent case of Evans v. Pittsburgh Rys. Co., 283 Pa. 180 (1925) from which we quote—''While approaching the tracks of the railway company, plaintiff, with no obstruction of his view, observed the car on his left three hundred feet away, rapidly nearing the point at which he intended to cross; his automobile was at that time fifty feet from the crossing; upon proceeding to within about twenty feet of the tracks he then saw the car approximately one hundred and twenty-five feet distant and still moving rapidly toward him. Plaintiff admitted that his automobile was going so slow that he could have stopped at any time within five feet of the crossing, but, instead, he attempted to cross the path of the oncoming car and was almost instantly struck. In neglecting to stop immediately before proceeding onto the tracks, when the street car, in plain view, was speedily bearing down upon him, plaintiff failed to exercise the care required under the circumstances.''

The plaintiff testifies that it was his belief that the car would stop at Sixth Street, but this is no excuse. He stated, ''I slowed down and looked, expecting the car to stop. I kept on going. When I was about two feet from the north side of the track on Fairmount Avenue, he was about forty feet away from me, and I expected him to stop. I kept going.'' There was nothing to justify the plaintiff's assumption that the car would stop. As was said in our case, Long v. Phila. Rapid Transit Co., 65 Pa. Superior Ct. 281, 284—''The

proximate cause of the collision was the wholly unwarranted conclusion of the plaintiff's driver that the motorman would stop his car. The driver stated he had observed the car had never stopped although it had slowed down. Upon this latter fact he based his judgment it would stop. Now if the situation that developed be regarded from the standpoint of the motorman, what might he fairly conclude? His car had the superior right of way on its own track. He of course saw the plaintiff's truck slowly approaching the track under such control as to readily invite the idea it was the intention of its driver to stop and permit the street car to pass. To say the least such an assumption by him would be as well founded as was the judgment of plaintiff's driver that the car would stop. As the plaintiff's evidence presents his case we are unable to discover any negligent act on the part of the defendant's employee that was not shared in by the plaintiff.'' To the same effect—Pilgrim Laundry Co. v. Phila. Rapid Transit Co., 56 Pa. Superior Ct. 593, 597; Randall v. Phila. Rapid Transit Co., 62 Pa. Superior Ct. 531; Tyrrell v. Phila. Rapid Transit Co., 79 Pa. Superior Ct. 346.

The plaintiff's testimony that he looked about two feet away from the track, does not help him in the matter, for he testifies that he had to go forward, as the street car came so fast that he could not stop. We said in Miller No. Broad Storage Co. v. Phila. Rapid Transit Co., 62 Pa. Superior Ct. 568, ''The looking at a place where one is unable to stop amounts to nothing, for it is too late then to avoid the danger.'' See also Kane v. Phila. Rapid Transit Co., 67 Pa. Superior Ct. 80.

The assignments of error are sustained and the judgment is reversed.