## Leiser Gas Stove Co. *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Automobiles—Trolley cars—Collision—Case for jury.*

In an action of trespass to recover damages for personal injuries, resulting from a collision between a trolley car and a motor truck, the plaintiff's driver testified that upon entering a street intersection, he saw a trolley car approaching about forty feet away and that without again looking, he proceeded to cross the street, when the truck was struck in the rear by the trolley car.

In such case the driver was guilty of contributory negligence and a verdict in favor of plaintiff will be reversed.

It is a rule frequently declared that one moving along a way which intersects the line of a street car track may not undertake to cross the track in front of an approaching car within plain view unless the car is at such distance from the crossing as to leave a reasonable opportunity to cross. Where the circumstances are such as to suggest to a person of reasonable caution the probability of the danger of a collision one attempting to cross the track is guilty of contributory negligence.

Argued October 8, 1926. Appeal No. 53. October T., 1926, by defendant from judgment of C. P. No. 4, Philadelphia County, September T., 1924, No. 276, in the case of Leiser Gas Stove Company v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages to motor truck. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $2,276.00, and judgment thereon. Defendant appealed.

*Error assigned* among others, was the refusal of the defendant's motion for judgment non obstante veredicto.

*S. S. Herman,* for appellant.

*Frederick W. Gourlay,* and with him *Lewis, Adler & Laws,* for appellee.

OPINION BY HENDERSON, J., March 3, 1927:

The plaintiff's truck and a trolley car of the defendant company were in collision at the intersection of Watt Street and Girard Avenue in the City of Philadelphia. The truck was moving northwardly on Watt

Street and the car was proceeding on the west bound track on Girard Avenue. The statement of claim alleges that the trolley car ''was so carelessly and negligently operated, and at such a high rate of speed, that it ran into and collided with the Mack automobile truck operated by the servant of the plaintiff.'' The only witness called by the plaintiff to prove the circumstances of the collision was the driver of the truck. No witnesses were called by the defendant. There was no evidence of excessive speed and the case was submitted to the jury on the allegation that the truck was carelessly and negligently operated. The plaintiff's driver testified that as he approached Girard Avenue, he looked east on that avenue and noticed a trolley car approaching on the west bound track on the north side of Girard Avenue. He proceeded to cross Girard Avenue and just as he approached the south track, he looked; when his front wheels were going over the east bound track on the south side of the avenue he looked again and saw the trolley car approaching at a distance of 30 or 35 feet. The view on the track was unobstructed. The second time he looked, he judged the trolley car was 30 or 35 feet from him; after that he states: ''I didn't look at it any more, because I had the truck under my control and I was looking where I was going.'' The only evidence bearing on the speed of the trolley car indicated that it was moving about 12 miles an hour; that at least was the estimation of the court in his charge to the jury based on a calculation of distance and speed. The truck was about 26 feet long and was struck in the rear end as it crossed the west bound track. The negligence, if it be sufficiently charged, was the failure of the motorman to stop his car in time to permit the truck to clear the street car track. It is not alleged that the driver of the truck was surprised by the sudden oncoming of the car at a high rate of speed. Taking into con-

sideration the width of the avenue and the length of the truck, the space necessary to be covered by it to clear the west bound track was nearly as great as that over which the trolley car moved in reaching the line along which the truck traveled. It is evident therefore that the two vehicles, neither of them moving at a rapid speed, arrived at the point of intersection of the lines of travel substantially at the same time. It is a rule frequently declared that one moving along a way, which intersects the line of a street car track, may not undertake to cross the track in front of an approaching car within plain view, unless the car is at such a distance from the crossing as leaves reasonable opportunity to cross the track before the arrival of the car. Where the circumstances are such as to suggest to a person of reasonable caution the probability that there is danger of a collision, one attempting to cross the track is guilty of contributory negligence. Such person may not depend wholly on the effort of the motorman to avoid a collision. While a street car company has not the exclusive use of its tracks on public highways, the right to proceed at street crossings is superior to that accorded to other vehicles arriving at a crossing at the same time: Woomer v. Altoona & Logan Valley Electric Co., 80 Pa. Superior Ct. 261. It does not follow that because one reaches a crossing before the street car is there that all duty of vigilance rests on the motorman. Before charging responsibility to the servant of the street car company, it must be made to appear that the person seeking to make the crossing had a reasonable opportunity to do so if the trolley car was proceeding at a reasonable speed. No one has the right to take a narrow chance in clearing the crossing in front of an advancing street car. It was clearly the duty of the plaintiff's driver to exercise due care to avoid a collision with the car which was approaching the intersection in the usual manner

and at an ordinary rate of speed. The driver testified that after he looked and saw the car 30 or 35 feet away, he drove on without looking again, evidently assuming that the motorman would stop his car to permit the passage of the truck. Conceding that the movement of the car could or should have been delayed, we are unable to avoid the conclusion from the plaintiff's evidence that the driver of the truck assumed an obvious risk of danger in undertaking to cross the street in front of a moving car only 30 or 35 feet away. We held in Kirschbaum v. Phila. R. T. Co., 73 Pa. Superior Ct. 536, that the plaintiff was chargeable with contributory negligence where he attempted to cross the street car track in front of a car 75 feet away, and in Steinberg v. Phila. R. T. Co., 87 Pa. Superior Ct. 321, the driver of a car was held to be negligent when driving in front of a trolley car which was 40 feet away when his car was within 2 feet of the track. In discussing the facts of that case Judge TREXLER said: "If the car which was 150 feet away from the plaintiff, when he was at the houseline, was within 40 feet of him as he was about to commit himself to the tracks, the dictates of ordinary prudence would tell him to stop. He drove on to the track and took the risk of collision." It is said that the driver of the truck looked before proceeding over the tracks, but this was done before he crossed the east bound track. His duty however was not discharged by looking when he saw the approach of a car then near the crossing and observed that he had to move 25 or 30 feet at the speed he said he was going in order to clear the crossing. He necessarily incurred great risk with the usual result of such a hazard. We have given attention to the cases cited by the learned counsel for the appellee, but are of the opinion that they do not sustain the plaintiff's case. It is highly probable that the driver of the truck and the motorman each expected the other to stop, but in

no aspect of the case are we able to conclude that the
plaintiff's driver was free from negligence in the
management of the truck. The defendant was there-
fore entitled to judgment non obstante veredicto.

The judgment is therefore reversed and judgment
is now entered for the defendant.